Stephen et al. (freedmen) v. The State.

---

STEPHEN ET AL. (FREEDMEN) *vs.* THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Act of December 15, 1865, as to punishment of grand larceny, arson, and burglary, held applicable only to future offenses.*— The act approved December 15, 1865, entitled "An act the more effectually to prevent the offenses of grand larceny, arson, and burglary." (Session Acts, 1865-6, p. 116,) applies only to offenses committed after its passage, leaving prior offenses to be punished by the former laws.

2. *General criminal statutes applicable to freedmen.*—For offenses committed between the 20th July, 1865, (when the provisional governor issued a proclamation, declaring the civil and criminal laws of the State, "as they stood on the 11th day of January, 1861, except that portion which relates to slavery, to be in full force and operation,") and the 22d September, 1865, (when an ordinance was passed by the convention, by which slavery was declared to be abolished and prohibited,) freedmen are amenable to the general criminal statutes applicable to other persons.

3. *Abstract charge.*—A charge which is abstract, is properly refused.

FROM the Circuit Court of Jefferson.
Tried before the Hon. WM. S. MUDD.

THE indictment in this case was found at the September term, 1865, and charged that, before the finding thereof, "Stephen, a freedman, formerly the property of James McAdory, and Tom, a freedman, formerly the property of Alexander L. McLaughlin, feloniously took and carried away twelve bushels of wheat, the personal property of James McAdory, of the value of more than twenty dollars."    The

defendants were tried at the spring term, 1866, and severally pleaded not guilty. The verdict of the jury was, "We, the jury, find the defendants guilty, in manner and form as charged in the indictment, and assess the value of the wheat alleged to be stolen at twenty-four dollars"; and the court thereupon sentenced each of the defendants to imprisonment in the penitentiary for two years. "On the trial," as the bill of exceptions states, "it appeared in evidence, among other things, that the offense was committed on the 15th August, 1865. The prisoners thereupon requested the court to instruct the jury, that there was no statute law in existence, either at that time, or at the present, to which they were amenable; also, that the prisoners, if they were found guilty as charged in the indictment, were not amenable to the common law; which charges the court refused, and the defendants excepted to their refusal."

The prisoners moved in arrest of judgment, on the following grounds: "1st, because the indictment is not authorized by the evidence; 2d, because there was no law of force at the time of the commission of the supposed offense, to which the prisoners were amenable; 3d, because the court can not pass sentence on the prisoners in pursuance of the verdict; 4th, because the common law is of no force, except in misdemeanors; 5th, because, at the time of the supposed offense, there was no standard of value as to money in the country; 6th, because the value of the wheat is in excess of the value proved, according to the evidence of the prosecutor; 7th, because there is no evidence of more than five bushels of wheat having been stolen by the prisoners on the same night; 8th, because there was no proof that Stephen was ever the property of James McAdory, or that Tom was ever the property of Alexander L. McLaughlin; 9th, because the indictment is defective, since it contains no definite allegation as to the value of the wheat, and because it contains no allegation of either time or place." The court overruled the motion in arrest, and the record does not show that any exception was reserved to its ruling.

W. R. SMITH, for the prisoners.

JNO. W. A. SANFORD, Attorney-General, contra.

David (a freedman) v. The State.

BYRD, J.—The indictment is in conformity to the provisions of the Code, and substantially the same in form as the one prescribed therein for grand larceny as punished by section 3173. The verdict and judgment are responsive to the indictment and the law, and therefore correct.—*Moore et al. v. The State*, at present term. The record affirmatively shows that the prisoners were present in person at the trial and sentence, the latter succeeding the former without any interval.

[1.] The act of the 15th December, 1865, (Pamph. Acts, p. 116,) did not repeal section 3173 of the Code, as to the ingredients of the crime or punishment of grand larceny, as to offenses committed before its passage.—*Miles v. The State, Moore v. The State*, and other cases decided at the present term.

[2.] The court properly refused to give the first charge asked.—*Jeffreys et al. v. The State*, and *Eliza v. The State*, at the last term.

[3.] The second charge asked was abstract; and, therefore, properly refused.

The record does not purport to set out all the evidence on the trial, and we can see no error in the ruling of the court on the motion in arrest of judgment.

There is no error in the record, and the judgment must be affirmed.