WADE ET AL. (FREEDMEN) *vs.* THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Act of December* 15, 1865, *as to punishment of grand larceny, arson, and burglary, held applicable to future offenses only.*—The act approved December 15, 1865, entitled "An act the more effectually to prevent the offenses of grand larceny, arson, and burglary," (Session Acts, 1865–6, p. 116,) applies only to offenses committed after its passage, and leaves prior offenses to be punished under the former laws.

2. *Severance of trial.*—Where several persons are jointly indicted for a felony, they can not claim separate trials as matter of right; but the court may, in its discretion, grant or refuse a severance.

FROM the Circuit Court of Bibb.
Tried before the Hon. B. F. SAFFOLD.

THE indictment in this case was found at the October term, 1865, and charged that, before the finding thereof, "Wade, a freedman of color, John, a freedman of color, and By, *alias* Bias, a freedman of color, feloniously took and carried away a bag of cotton, the property of one W. T. Cobb, of the value of more than twenty dollars." At the April term, 1866, when the case was called for trial, the defendants asked a severance—"1st, because they show that, in the selection of jurors, they would be greatly prejudiced by being tried jointly; 2d, because they would be greatly prejudiced in the examination of witnesses by being tried jointly; 3d, because they have separate defenses, which they cannot make jointly without introducing complication and confusion in the case, to their detriment; 4th, because they cannot have a fair and impartial trial, unless

they are tried separately." The court refused to grant a severance, and the defendants excepted to its refusal.

The defendants demurred to the indictment, on the ground that the law which was of force at the time the alleged offense was committed, and at the time the indictment was found, had been repealed by the act approved December 15, 1865, entitled " An act the more effectually to prevent the offenses of grand larceny, arson, and burglary"; and that the latter act contained no saving clause as to prior offenses. The court overruled the demurrer, and the defendants excepted. The defendants then pleaded not guilty, and a pardon under the governor's proclamation, " in short by consent ;" and issue was joined on these pleas. The jury returned a verdict of guilty, and assessed the value of the stolen property at two hundred dollars ; and the court thereupon sentenced each of the defendants to imprisonment in the penitentiary for two years.

After conviction, the defendants moved in arrest of judgment, " 1st, because there was no law under which they could legally be punished ; 2d, because the court erred in overruling the demurrer to the indictment ; 3d, because the court erred in refusing to grant a severance of their trials ; and, 4th, because the verdict was contrary to law." The court overruled the motion in arrest, and the defendants reserved an exception to its action. There is no formal bill of exceptions in the record, the several exceptions above mentioned being stated in the minute-entries by the clerk.

LOCKETT, BRAGG & LOCKETT, for the prisoners, contended, that the act approved December 15, 1865, entitled " An act the more effectually to prevent the offenses of grand larceny, arson, and burglary," being repugnant to the former laws on the same subject, by necessary implication repealed those laws ; and there being no saving clause in that act, as to prosecutions for offenses committed prior to its passage, there could be no conviction or punishment in such cases. They cited the following authorities : *Jordan v. The State*, 15 Ala. 746; *Stewart George v. Skeates & Co.*, 19 Ala. 741; *Bartlett v. King*, 12 Mass. 545; *Nichols v.*

*Squire,* 5 Pick. 168; *Commonwealth v. Cooley,* 10 Pick. 39; *Commonwealth v. Marshall,* 11 Pick. 350; *Commonwealth v. Kimball,* 21 Pick. 373; *Rex v. Cator,* 4 Burr. 2026: *Rex v. Davis,* 1 Leach, 306; *United States v. Preston,* 3 Peters, 57; *Britton v. Commonwealth,* 1 Cush. 302; *Buckalew v. Ackerman,* 3 Halst. 40; 4 Pick. 23; 1 Binney, 601; Sedgwick on Const. & Stat. Law, 124, 125, 130, 131; *Adams v. Ashley,* 2 Bibb, 96; *Moore v. Vance,* 1 Ham. 10; 4 Wash. C. C. 691; *United States v. Irwin,* 5 McLean, 178; *Regina v. Salisbury,* 2 Queen's Bench R. 72, 84; *Sullivan v. The People,* 15 Ill. 233; *Hirschfelder v. The State,* 19 Ala. 112; *Davis v. Fairbairn,* 3 How. U. S. 636; *State v. Seaborn,* 4 Dev. 305; 1 Scammon, 80; 16 Barbour, 15, 18; *Smith v. State,* 14 Missouri, 147; *State v. Whitworth,* 8 Porter, 434; *Smith v. The State,* 1 Stewart, 506; *Lore v. The State,* 4 Ala. 177; *Wyman v. Campbell,* 6 Porter, 219; *State v. Andrews,* 20 Texas, 230; 6 Wendell, 526; 1 Hill, N. Y. 324; 2 Dana, 331; 6 Cranch, 329; 4 Moore & P. 341; *Freeman v. The State,* 6 Porter, 372; *The State v. Allaire,* 14 Ala. 435; *Broughton v. Br. Bank,* 17 Ala. 828.

JNO. W. A. SANFORD, Attorney-General, *contra,* relied on the case of *Miles v. The State,* at the present term, (*ante,* p. 39,) and the authorities there cited by him; and as to the right of severance, he cited *The State v. Hawkins,* 9 Ala.

JUDGE, J.—The principal question involved in this case was decided at the present term in the case of *Miles v. The State.* The opinion was delivered in that cause before the argument of this; and it is contended that the decision there rendered, as to the repealing effect of the act of December 1865, is erroneous. We have carefully re-examined that opinion, and the doctrine on which it rests; and have also carefully examined the authorities cited on the brief of counsel in the present case; and feel constrained to adhere to our former conclusion, not doubting its correctness. The act of 15th December, 1865, repeals the prior statutes providing for the punishment of the offenses in said act severally named, as to future offenses only.

[2.] It is settled in this State, that when several persons

are jointly indicted for a felony, they cannot claim separate trials as a matter of right; but that the court may, in its discretion, allow them to be tried separately.—*Hawkins v. The State*, 9 Ala. 137.

There is no error in the record, and the judgment is affirmed.