## MAGRUDER *vs.* THE STATE.

### [INDICTMENT FOR LARCENY OF MULE.]

1. *Punishment of horse-stealing; repeal of special by subsequent general statute.*—The act approved October 7, 1864, (Session Acts, 1864, p. 19,) so far as it relates to the punishment of horse-stealing, or the larceny of any of the animals therein specially named, is not repealed by the subsequent act, approved December 15, 1865, (Session Acts, 1865, p. 116,) which provides for the punishment of grand larceny and other offenses therein named; the maxim applies, *Generalia specialibus non derogant.*

FROM the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

THE indictment in this case was returned into court on the 9th June, 1866, and charged, that the defendant, Peter

Magruder v. The State.

Magruder, before the finding of the indictment, "to-wit, on the 15th day of February, 1866, feloniously stole, took, and carried away, a mule, of the value of one hundred dollars, the property of W. R. Magruder." The trial was had at the same term, on issue joined on the plea of not guilty. The verdict of the jury was, "that they find the defendant guilty as charged in said indictment, and that they sentence him to be imprisoned in the penitentiary for the term of ten years." The defendant moved in arrest of judgment, "on the ground that there is no law by which the court can render judgment against him." The court overruled the motion in arrest, and rendered judgment according to the verdict. The minute-entry recites that, "questions of law having arisen for the consideration of the supreme court, it is ordered that the execution of the sentence be suspended until sixty days after the commencement of the next ensuing term of the supreme court"; but there is no bill of exceptions in the record, nor any writ of error.

E. Y. FAIR, for the prisoner.—The act of October 7, 1864, was repealed by the act of December 15, 1865.—*State v. Whitworth*, 8 Porter, 434; 1 Stewart, 506; 5 Ala. 666, 477; 1 Bishop on Criminal Law, §§ 202, 204, 205, 207, 208.

JNO. W. A. SANFORD, Attorney-General, *contra.*—The law punishing horse-stealing, approved Oct. 7, 1864, was in force on the 15th of February, 1866, when the offense was committed. It was not repealed by the act of Dec. 15th, 1865. The repeal of statutes by implication is not favored by the courts.—*Stewart George v. Skeates*, 19 Ala. 738; *Rawls v. Kennedy*, 23 Ala. 240. That it was not the intention to repeal the act of Oct. 7, 1864, by the act of Dec. 15th, 1865, is shown by the enactment of a law expressly repealing it on the 23d of February, 1866.—Penal Code, pp. 7–8. This act provides that the repeal of the statutes therein named shall not affect any prosecutions then pending, or thereafter commenced, for any offense previously committed. Therefore, the law authorizes the conviction of the accused.

JUDGE, J.—The act of October 7, 1864, provides for the punishment of any person, who shall be found guilty of the larceny of any "horse, mare, gelding, colt, filly, or mule"; or who shall be guilty of any "robbery, burglary, or arson,"—with death by hanging, or imprisonment in the penitentiary not less than ten years, at the discretion of the jury trying the case.—Acts, 1864, p. 19. The act of December 15, 1865, provides, that any person who shall be guilty of the offense of grand larceny, arson, or burglary, on conviction thereof, shall suffer death, or be imprisoned in the penitentiary not less than five years, at the discretion of the jury trying the case.

It is a well settled doctrine in relation to the construction of statutes, that where the intention of the legislature is not apparent to that purpose, the general words of another and later statute shall not repeal the particular provisions of a former one; the maxim of the law being, "*generalia specialibus non derogant.*" "When the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary; and the general rules must not *(vice versa)* be alleged in confutation of the special provisions."—Dwarris on Statutes, 9th Law Library, m. p. 659, (766,) and authorities there cited. See, also, *Mobile & Ohio R. R. Co. v. The State*, 29 Ala. 583.

An application of this rule of construction to the two statutes above cited shows, that in so far as they relate to the subject of larceny, each can stand and be enforced. The first contains special provisions relating to the larceny of a particular species of property, which must be considered as exceptions to the provisions of the latter statute on the same subject; and such was the state of the law on the identical question, before the adoption of the new Penal Code. By section 3173 of the Code of 1853, punishment was provided for the offense of grand larceny generally; while by section 3180, a higher grade of punishment was provided for the larceny of "any horse, mare, or gelding, foal, or filly, ass, or mule."

It results that the act of October 7, 1864, as applicable to the case of the prisoner, was of force at the date of the

22

commission of the offense, and at the time of his conviction and sentence; for the act to establish a new Penal Code, in repealing the act of October 7, 1864, contained a saving clause as to all prosecutions then pending, or which might be thereafter commenced, for any public offense before that time committed, or which might be thereafter committed at any time prior to the day on which the new Penal Code should go into effect; and the new Penal Code did not go into effect until the first day of June, 1866.

The prisoner was, therefore, rightfully convicted, under the act of October 7, 1864; and there being no error in the record, the judgment of the city court must be affirmed.