THE MAYOR AND COMMON COUNCIL OF THE CITY OF
NEWARK, DEFENDANT IN ERROR, v. EAST SIDE COAL
COMPANY, PLAINTIFF IN ERROR.

Argued March 22, 1909—Decided June 14, 1909.

1. A coal dealer gave his driver several written orders for the deliv-
ery of different quantities of coal to sundry purchasers. The
orders were in writing and contained the names of the respective
purchasers, as well as the quantity of coal to be delivered to each,
and in addition to the written orders the driver was given special
oral instructions as to the purchasers and the quantity to be de-
livered to each. The driver, in executing one of the orders, which
was for less than a ton, attempted, through an admittedly honest
mistake, to deliver it to one of the purchasers whose order was
for a ton. *Held*, that the vendor was improperly convicted under
the act entitled "An act for the protection of purchasers of coal."
*Pamph. L.* 1900, *p.* 27.

2. In order to legally convict a person for attempting to deliver less
than two thousand pounds of coal for a net ton, under said statute,
it must appear that such delivery was intended to be in satisfac-
tion of the contract between the vendor and the party to whom
it is attempted to be delivered.

On error to the Supreme Court, whose opinion is reported
in 45 *Vroom* 68.

For the plaintiff in error, *Hood & Hood.*

For the defendant in error, *Francis Child, Jr.*

The opinion of the court was delivered by

BERGEN, J.   The plaintiff in error was convicted, in the
Second District Court of the city of Newark, of a violation of
"An act for the protection of purchasers of coal." *Pamph. L.*
1900, *p.* 27.   The judgment of conviction was affirmed in the
Supreme Court, for the reasons given by the District Court,
and the legal accuracy of that judgment is the subject of this
writ of error.

The act above mentioned after declaring that, in the sale or delivery of coal, two thousand pounds shall constitute a net ton, and two thousand two hundred and forty pounds a gross ton, subjects to a penalty of $50 any person "that shall sell or attempt to sell or deliver less than two thousand pounds by weight to a net ton, or two thousand two hundred and forty pounds by weight to a gross ton, or a proper proportion thereof for fractions of a ton." It further requires that each load shall be accompanied with a delivery ticket and a duplicate thereof, on which shall be expressed in ink or otherwise the quantity, in pounds, of coal contained in the wagon used in making any delivery, as well as the names of the purchaser and vendor. The agreed state of the case shows that on November 14th, 1904, the defendant, a dealer in coal, received three orders, one from a Mrs. Wasman for one net ton of coal, one from a Mr. Rosenberg for three-quarters of a ton (one thousand six hundred and eighty pounds) and another from Rosenberg for a like quantity; that these orders were placed in separate envelopes, and of each order duplicate delivery slips were made, which were put in separate envelopes; that they were delivered in this condition to a person named Mutchell, who owned a horse and wagon and was frequently employed by defendant to deliver coal for it at a fixed schedule of compensation for deliveries made, and was so employed in this case. The course of business being to send the orders by him to the coal pockets of the Delaware, Lackawanna and Western Coal Company, where the coal was furnished by that company on the orders given Mutchell.

The case also shows that on the day in question Mutchell, when given the orders, was carefully instructed by defendant that the order to the coal company for one ton was for Mrs. Wasman, and was also instructed in like manner as to delivery of the other orders given him. The findings of fact, as they appear by the record, show that Mutchell in some way confused the Wasman order with the Rosenberg order and delivered one of the Rosenberg orders at the coal pockets, believing it to be the Wasman order, and upon receiving the coal proceeded to deliver it to Mrs. Wasman, but before doing

so was intercepted by an agent of the city, who obtained from the driver the order or delivery slip bearing the name of "Wasman," calling for one ton of mixed coal. The agent then required the weighing of the load, which disclosed that it contained but one thousand six hundred and eighty pounds. The defendant was thereupon prosecuted under the statute, and at the close of the plaintiff's case defendant's counsel moved for a nonsuit on two grounds—*first,* because Mutchell was an independent contractor, and his act not chargeable to defendant, and *second,* that if there was an attempted delivery on the part of defendant it was an innocent mistake, and not a violation of the statute. The trial court refused the motions, holding that Mutchell was the agent of the defendant for the purpose of delivery, and also admitting that the attempted delivery of one thousand six hundred and eighty pounds for a net ton was the result of an honest mistake, and that the defendant did not, through its agent, knowingly commit the offence charged, still the defendant was guilty because the act of the legislature relied on is not in terms limited to those who knowingly violate it, and to support this conclusion relied upon *Halsted* v. *State,* 12 *Vroom* 552, and *Waterbury* v. *Newton,* 21 *Id.* 534, neither of which, in our opinion, can be applied to the present case.

If, in the case under consideration, the defendant had sold to Mrs. Wasman a net ton of coal, and in executing that contract had delivered, or attempted to deliver, less than the required weight as an intended compliance on its part, it would be an act prohibited by the statute, for what the legislature manifestly intended by the statute in question was the protection of purchasers of coal against the use of false weights, and it has undoubtedly required a vendor of coal to see that, in completing a sale by delivery, the amount called for by the agreement is delivered. This, we think, it has the power to do, and also to subject the offender to a penalty for a violation of the statute without requiring proof of a corrupt motive, but in order to convict a person it must appear that he intended the quantity attempted to be delivered to be in satisfaction of his agreement.

In this case there was a contract to sell and deliver to Mrs. Wasman a ton of coal, but no attempt was made to carry out that sale. What defendant attempted to do was to deliver, not her purchase, but, through an honest mistake, coal which was intended for another person. It was not a delivery intended to execute a contract for the ton sold Mrs. Wasman, but an attempted delivery of coal sold to Rosenberg and intended for him, but carried by a driver to Mrs. Wasman through a mistake. We are of opinion that to render a vendor of coal liable under this act, it must appear that the delivery was intended to be in execution of the sale to the person to whom delivery is attempted, and when it appears, as it does in this case, that a sale to one person is attempted to be completed by the delivery of another person's order, resulting from an honest mistake, the act does not apply.

The trial court having found from the undisputed testimony that the attempted delivery resulted from an honest mistake, and the error which we find being a misapplication of the statute to the facts found, the judgment entered in the Supreme Court, as well as that of the District Court, should be reversed, and final judgment entered in favor of the defendant, with costs. *Lehigh Valley Railroad Co.* v. *McFarland,* 15 *Vroom* 674.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, MINTURN, BOGERT, CONGDON, J.J.   6.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, VOORHEES, VREDENBURGH, VROOM, GRAY, DILL, J.J.   9.