### GUSTIN v. STATE.   (7 Div. 935.)

(Court of Appeals of Alabama.   Feb. 5, 1924.)

**1. False pretenses ⊕⇒2—Statute defining offense held not repealed.**

Acts Sp. Sess. 1921, p. 47, making it "unlawful * * * to obtain money or other property or credit by check, draft or order which is not paid," and expressly repealing conflicting acts, does not repeal the provision of Acts 1915, p. 319, prohibiting "the obtaining of money, property, or thing of value, or the making, uttering or delivery of any check, * * * with intent to defraud," as applied to the fraudulent issuance of a check.

**2. Statutes ⊕⇒158, 159—Repeal by implication not favored, and will not be declared unless there is a real repugnance.**

Repeal by implication is not favored and will not be declared unless there is a real repugnance, and no reasonable field for the operation of both statutes without displacing the provisions of either.

**3. Statutes ⊕⇒165—Statute changing mode of punishing particular offense not repeal of prior statute as to offenses already committed.**

A statute merely changing the mode of punishing particular offenses, limited in its operation to the future and not referring to a former statute prescribing other punishment, does not operate to repeal such former statute as relates to offenses committed prior to the adoption of the later act.

**4. Criminal law ⊕⇒1090(16)—Motion for new trial not reviewable in absence of bill of exceptions.**

A motion for a new trial cannot be reviewed in the absence of a bill of exceptions.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

J. Y. Gustin was convicted of uttering a check with intent to defraud, and appeals. Affirmed.

The indictment is as follows:

"The grand jury of said county charges that before the finding of this indictment J. Y. Gustin whose Christian name is to the grand jury unknown, with intent to defraud, did make, draw, utter or deliver a check or draft in favor of Gadsden Wholesale Drug Company, a corporation, on the Gadsden National Bank, a corporation, which check or draft is in words and figures as follows:

" 'No. ——          Gadsden, Ala., 2/5, 1921.

" 'The Gadsden National Bank 61–63.

" 'Pay to the order of Gadsden Wholesale Drug Co. $26.46 twenty-six 46/100 dollars.
                         " 'J. Y. Gustin.' .

"And the grand jury avers that said J. Y. Gustin by means of said making, drawing, uttering or delivery of said check or draft did obtain from the said Gadsden Wholesale Drug Company merchandise, a further and better description of said merchandise being to the grand jury unknown.

"And the grand jury avers that at the time of the making, drawing, uttering or delivery of said check or draft the said J. Y. Gustin knew that he did not have sufficient funds in or credit with said the Gadsden National Bank for the payment in full of said check or draft upon its due presentation, contrary to law and against the peace and dignity of the state of Alabama."

Disque & Disque, of Gadsden, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J.   The indictment conforms substantially to the act of the Legislature of Alabama, approved August 31, 1915:

"To prohibit the obtaining of money, property, or thing of value, or the making, uttering or delivery of any check, draft, or order in payment of any obligation, with intent to defraud," etc.   Acts 1915, p. 319.

The indictment was returned into court on April 23, 1921.   On August 21, 1922, the defendant filed a motion to quash the indictment, averring as a ground therefor that the statute under which the indictment was found had been expressly repealed by an act of the Legislature of Alabama, approved November 21, 1921.   On August 26, 1922, defendant filed demurrer to the indictment assigning substantially the same ground as set up in the motion to quash.   The motion and demurrer were overruled by the court.

The question presented is whether the act of 1915, supra, was repealed by the act approved November 21, 1921.   The title of the act is:

"To make it unlawful for any person to obtain money or other property or credit by check, draft or order which is not paid by the drawee," etc.   Acts Sp. Sess. 1921, p. 47.

The latter act expressly repeals all laws or parts of laws in conflict with its provisions.

The prosecution in the instant case is based upon the fraudulent issuance of a check for less than $30, and is a misdemeanor under the act of 1915, supra, and a misdemeanor under the act of 1921, supra.

[1] The portion of the act of 1915, supra, applicable to the prosecution in this case is not in conflict with any of the provisions of the act of 1921, supra, and is not repealed by said act.

[2, 3] Repeal of statutes by implication is not favored, and unless there is a real repugnance, and no reasonable field for the operation of both statutes without displac-

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing the provisions of either, the conclusion is that the Legislature intended both statutes to be in force; and, if there is actual conflict as to only a part of the provisions of the older statute, the repeal is only pro tanto. Abernathy v. State, 78 Ala. 413; Herr v. Seymour, 76 Ala. 270. A statute merely changing the mode of punishing particular offenses, limited in its operation to the future, not referring to a former statute prescribing other punishment, will not operate to repeal the former statute in its operation on offenses committed prior to the enactment of the new statute. Moore v. State, 40 Ala. 49; Miller v. State, 40 Ala. 54; Stephen v. State. 40 Ala. 67; Wade v. State, 40 Ala. 74; Magruder v. State, 40 Ala. 347.

[4] The motion for a new trial cannot be reviewed in the absence of a bill of exceptions. Johnson v. State, 205 Ala. 665, 89 South. 55.

No error is apparent in the record.

The judgment of the circuit court is affirmed.

Affirmed.