[Sup. Ct. No. 37848. Appellate Department, Superior Court, Los Angeles County.—October 19, 1929.]

## THE PEOPLE, Respondent, v. LACY P. ARNOLD, Appellant.

[1 Cal. Supp. 1.]

Nathan O. Freedman for Appellant.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

BISHOP, J.—Section 21, title 2, of the Volstead Law, adopted by our Wright Act, reads in part as follows:

"Any room, house, building . . . or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title . . . is hereby declared to be a common

nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor. . . . "

■ The main question presented by this appeal is whether or not a proprietor of a cafe who himself furnishes no liquor to his guests, but who allows them to consume on his premises liquor which they bring, offends under this section.

The evidence is sufficient to compel us, reviewing the matter on appeal, to consider the following as established facts. The defendant was in charge of a place known as Sharkey's Cafe, which had a dance floor bordered by banquet rooms and booths, with tables on the edge of the floor. On the night charged in the complaint some 125 guests were in the cafe, many of them drinking intoxicating liquor, some of them drunk, and there was no table but bore liquor or cracked ice and ginger ale. While the drinking was going on the defendant was actively engaged as proprietor of the place, being in and out of the kitchen, passing the booths, waiting at the front entrance, and knew that intoxicating liquor was being brought in and consumed by his patrons.

There was no evidence that any liquor was manufactured, sold or bartered on the premises, or that the defendant kept any on hand or supplied any.

Defendant was convicted by a jury and sentenced to pay a fine of $1,000. On his appeal he contended that he was not guilty of maintaining a nuisance because he was not engaged in making any commercial use of intoxicating liquor.

So far as has been called to our attention, there is no decision in this state measuring the language of section 21 of the Volstead Law by a state of facts such as we have. In the federal courts, however, there are several cases which remove the question from the field of doubt.

In *Fritzel* v. *United States*, (C. C. A., 7th Cir., 1927) 17 Fed. (2d) 965, the question was squarely considered and the court held that a nuisance was being maintained. The following language in the opinion suffices to illustrate the court's reasoning:

" . . . any *place* where liquor is kept in violation of the law—*no matter by whom kept*—to be a common nuisance.

" . . . In view of the fact that, with certain exceptions . . . mere possession is forbidden, it is well to remember

that consumption is impossible without possession by the consumer.''

The emphasis shown is that of the court, not ours. The federal Supreme Court declined to review the case.

Other cases reaching the same conclusion are: *United States* v. *Budar*, (D. C. 1925) 9 Fed. (2d) 126; *Rossi* v. *United States*, (C. C. A., 8th Cir., 1926) 16 Fed. (2d) 712; *United States* v. *Club Chez Pierre*, (D. C. 1929) 31 Fed. (2d) 220; *United States* v. *Buller Hotel Co.*, (D. C. 1929) 32 Fed. (2d) 324.

Other contentions made by appellant have been considered by us but will not be discussed here. We are of the opinion that no error prejudicial to defendant appears and the judgment following conviction should be affirmed.

McLucas, P. J., and McComb, J., *pro tem.*, concurred.