[Crim. No. 114.   Appellate Department, Superior Court, Los Angeles County.—November 9, 1929.]

## THE PEOPLE, Respondent, v. CHARLES R. BUCHANAN, Appellant.

[Crim. No. 115.   Appellate Department, Superior Court, Los Angeles County.—November 9, 1929.]

## THE PEOPLE, Respondent, v. MORRIS KOZINSKY, Appellant.

[Crim. No. 77.   Appellate Department, Superior Court, Los Angeles County.—November 9, 1929.]

## THE PEOPLE, Respondent, v. BENNETT WALLEN, Appellant.

[1 Cal. Supp. 2.]

766

MacDonald & Thompson and Harry A. Finkenstein for Appellants.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly and Fred W. Fellows, Deputies City Prosecutor for Respondent.

BISHOP, J.—In the above-entitled cases the defendants respectively received sentences imposing fines or imprisonment for the possession of intoxicating liquors, and also were sentenced for either the sale or transportation of the same liquor under circumstances which they make the basis of their claim that they are being doubly punished for one offense.

In the Buchanan case the evidence shows that the defendant drove into the garage on the place of his residence and he was seen there, after an interval, with a brown box in his hands. Shortly thereafter he drove away and was arrested, a box similar in size and color to that which he was seen to have had in the garage being in his automobile, containing two one-gallon bottles of contraband liquor. As already noted, defendant was found guilty of both possession and transportation.

In the Kozinsky case the defendant was observed to drive his automobile up alongside of a parked car. He opened the door of his car and a sack was transferred by the driver of the parked car from the defendant's car to his own. The defendant was thereupon arrested and it was found that the sack contained prohibited liquor. He was fined both for possession and for transportation.

In the Wallen case the defendant was shown to have been behind the counter in a drugstore when a woman came in and asked for a pint of alcohol. He disappeared from view for one or two minutes in the rear of the drugstore, then returned and exchanged a bottle wrapped in paper for $3.50. It was discovered that the bottle contained alcohol, the sale of which is prohibited by law. Following defendant's conviction, he was given a term in jail for the sale and a fine for the possession.

By both federal cases and the decisions of our own appellate courts, we believe the following principles applicable to these cases to be thoroughly established. ▇ One may be found guilty and receive punishment for sale or transportation of alcoholic liquors and at the same time be found guilty and be punished for the possession of the same liquor. But where the only possession shown by the evidence is that necessary for and incidental to the sale or transportation, the crime of sale or transportation includes that of possession and but one punishment may be meted out. Three cases from the appellate courts of this state are controlling and make unnecessary an academic discussion of the problem.

The case of *In re Chaus*, (1928) 92 Cal. App. 384 [268 Pac. 422], involves a dual charge of possession and transportation. The evidence disclosed that the liquor in question, after being transported to its immediate destina-

tion, was removed from its conveyance and placed either in or on a trunk in a garage. The court stated:

"We are not unmindful of those decisions upon the principle of which petitioner seeks to rely, holding that the bare apprehension of one driving a vehicle containing alcoholic liquor may not be punished both for possession and transportation, since the former is then a part of, and necessary to, the latter" (*sic*).

The court then calls attention to the location of the liquor after transportation, and concludes that the defendant was properly punished for two offenses, for it was self-evident "that such possession of the alcohol . . . was not necessary or incidental to the transportation."

In the case of *People* v. *Mazzola*, (1929) 99 Cal. App. 682 [279 Pac. 212], the defendant was found guilty of the operation and possession of a still. Punishment for both offenses was approved, the appellate court pointing out that there was evidence of possession prior to the beginning of operation. The court, however, further stated:

"Was the only act of possession of the still necessarily involved in that of operating the still? If the possession of which the appellant was found guilty was necessary and incidental only to that of operating the still then he was guilty of but one offense and it cannot be carved into pieces whereby to inflict double punishment. (*Schroeder* v. *United States*, 7 Fed. (2d) 60, and cases there cited.) If, however, there was possession for a substantial period of time which was not necessarily incident to the operation of the prescribed utensils the appellant could be found guilty of both offenses. (*In re Chaus*, 92 Cal. App. 384 [268 Pac. 422], and cases there cited.)"

It may be argued, in view of the fact that both of the cases just noted reach the conclusion that the evidence disclosed two separate offenses, that they are therefore not authority for the conclusion that if the possession is incidental to the transportation (or operation, in the case of a still) that the facts constitute but one offense. This criticism cannot be made of the most recent case in this state on the subject, that of *People* v. *Clemett*, (1929) 208 Cal. 142 [208 Pac. 142].

In this case our Supreme Court had before it a judgment imposing penalties for the operation and also for the

possession of a still. The evidence, the court said, confirmed its interpretation of the allegations of the information that "The possession and control period is included in the period of operation, inasmuch as possession and control were incidental to operation."

The conclusion of the court was that only the judgment based on the charges of operation could stand, that based on possession must be reversed. Of particular interest to us is the following discussion of the court:

"The same principles applied and reasoning adopted by courts generally in distinguishing the two offenses of possession and transportation are applicable to the instant case.

"In *Schroeder* v. *United States*, 7 Fed. (2d) 60, the rule is well stated: 'Possession for a substantial time, and followed by transportation, might constitute two distinct offenses, just as possession for a substantial time, followed by a sale, might amount to two distinct offenses. But, where the only possession shown is that which is necessarily incidental to the transportation, the offense is single, and not double.' "

The Schroeder case quoted by our Supreme Court is a decision of the Circuit Court of Appeals of the Second Circuit. Two decisions in harmony with it have been rendered by the court of the first circuit. Brief quotations will suffice:

" . . . there was no such separate possession and transportation as to constitute two offenses." (*Segurola* v. *United States*, [1926] 16 Fed. (2d) 563.)

"The testimony did not disclose any possession which was not incidental to transportation." (*Brown* v. *United States*, [1926] 16 Fed. (2d) 682.)

We may conclude, therefore, that it is now the law of this state that where it appears as a fact that the liquor which the defendant is found to have transported was in his possession for any period prior to the beginning of the operation of transportation or following its completion, he may be found guilty of two offenses, transportation and possession, and be punished for both. Where the only possession shown, however, is that necessary for and incidental to transportation, a penalty imposed for the transportation precludes the possibility of further punishment for possession.

With respect to sale and possession, we are aware of no case considered by the higher courts of this state. We are unable, however, to distinguish any difference in principle between such a case and that of operation and possession of a still or the transportation and possession of liquor. A similar conclusion has been reached by the federal courts. In *Miller* v. *United States*, (C. C. A., 6th Cir., 1924) 300 Fed. 529, the court said:

" . . . in this case the only possession shown was that which temporarily came to Miller for the purpose of completing by delivery the sale which he was making."

And in *Woods* v. *United States*, (C. C. A., 8th Cir., 1928) 26 Fed. (2d) 63, the court stated:

"Though there was substantial evidence of possession as charged in count I, yet there was no evidence of possession under that count except the possession incident to the sale covered by count II. . . .

"This being the state of the evidence as to possession under count I, the judgment as to that count should be set aside as involving double punishment first, for the sale; second, for possession incident to the sale. This is not allowable."

The federal Supreme Court is sometimes referred to as having rendered an opinion inconsistent with this conclusion in the case of *Albrecht* v. *United States*, (1926) 273 U. S. 1 [71 L. Ed. 505, 47 Sup. Ct. Rep. 250]. A careful reading of the case discloses that it is in entire harmony with the conclusion we have reached as will be noted from the following quotation, the emphasis being ours:

"One may obviously possess without selling; and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and *later sell, as appears to have been done in this case.* The fact that a person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense."

Applying these principles to the cases in hand, we conclude as follows:

■ The fact that defendant Buchanan had in his hands in the garage on his own place a box similar to that subsequently found to contain liquor in his automobile forms the basis for an inference which the jury could reasonably draw, that he had liquor in his possession prior to the

beginning of the act of transportation. The fact that the premises were his own distinguishes this case from that of *Schroeder* v. *United States, supra,* in a particular evidently deemed of significance by the court in the Schroeder case, for the court there points out:

"There is no evidence that the accused lived on the premises." (A five-story tenement building.)

We conclude, therefore, that the facts in the Buchanan case justify a conviction of possession as well as transportation. Judgment is therefore affirmed.

There appears no evidence of possession in the Kozinsky case showing possession not involved in the process of transportation. The judgment in that case, therefore, must be reversed as to count II; the cause remanded for a new trial as to count II.

In the Wallen case there is no proof of possession other than that incident to the sale. The judgment must be affirmed as to count I (sale) and reversed as to count II (possession); that cause remanded for a new trial as to count II.

McLucas, P. J., and Shaw, J., concurred.

Rehearing denied.