2 So.2d 330

### WOODARD v. STATE.
8 Div. 38.

Court of Appeals of Alabama.
April 22, 1941.

Rehearing Denied May 13, 1941.

Writ of Certiorari Denied July 29, 1941.
See 241 Ala. 556, 3 So.2d 530.

Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The affidavit and warrant upon which this appellant was tried and convicted in the lower court are as follows:

"Before me, C. E. McNatt, Ex-Off. Clerk Law and Equity Court of said County, personally appeared J. C. Stone, who being duly sworn, doth depose and say that he has probable cause for believing and doth believe, that Clyde Woodard and Arthur Woodward, in selling coal to Vernon Bolton, made or gave a false or short weight, Contrary to Law, in said County, within twelve months before making this affidavit, against the peace and dignity of the State of Alabama.

"J. C. Stone

"The above subscribed and sworn to before me, this 29th day of July, 1939.

"C. E. McNatt

"Ex Officio Clerk Law & Equity Court.

"Filed 29th day of July, 1939.

"C. E. McNatt, Clerk.

"Warrant of Arrest

"The State of Alabama

"Franklin County    Law & Equity Court

"To any Sheriff or any Constable of said State:

"You are hereby commanded to arrest Clyde Woodard and bring him before the Law and Equity Court at the next term thereof, to answer the State of Alabama on a charge of giving false or short weight in selling coal preferred by J. C. Stone, and have you then and there this writ with your return thereon.

"Witness my hand this 29th day of July, 1939.

"C. E. McNatt
"Ex-Off. Clerk Law & Equity Court

"I have executed this warrant this 31st day of July, 1939, by arresting the within named defendant and he giving bond.

"D. C. Nix, Sheriff."

Upon the trial the accused Arthur Woodward was acquitted by the verdict of the jury, hence is not concerned with this appeal.

This appellant interposed a demurrer to the complaint upon the grounds: "(1) The affidavit or complaint does not state an offense; (2) The affidavit does not allege that the act complained of was done unlawfully.".

The trial court overruled the demurrer, assigning Sections 245 and 252 of the Agricultural Code of Alabama, 1927, Code 1940, Tit. 2, §§ 603, 610, as authority for the court's ruling upon said demurrer.

We are of the opinion the court erred in this connection. Section 252, supra, makes it unlawful to sell any coal in any manner other than by weight, and prescribes that when coal is sold by the ton, two thousand pounds avoirdupois shall be the weight of the ton.

Section 4151 of the Code 1923, Code 1940, Tit. 14, § 225, is as follows: "Weights; Coal.—Whoever knowingly sells and delivers any coal, except at the weight and measure prescribed by law, shall, on conviction, be fined not less than five dollars nor more than one hundred dollars."

Section 245 of the Agricultural Code in effect, declares that whoever sells any property by a false weight shall be guilty of a misdemeanor and shall be punished as provided in Section 243 of said code, Code 1940, Tit. 2, § 601, which fixes the punishment at a fine of not less than $20, nor more than $500, or by imprisonment for not more than 90 days in jail, or by both such fine and imprisonment, upon a first conviction in a court of competent jurisdiction.

We are of the opinion, and so hold, that a sale of coal is governed by the provisions of Section 4151, supra. This section of the code has never been repealed by the legislature, and we think the provisions of said section can, and should, be reconciled with the provisions of Section 245 of the Agricultural Code by limiting as the statute plainly does, the provisions of said Section 4151 to the sale of coal and by construing Section 245, supra, as not applying to the sale of coal. Gustin v. State, 19 Ala.App. 558, 99 So. 54; Ferguson v. County Commissioners of Jackson County, 187 Ala. 645, 65 So. 1028.

The affidavit in this case alleges that the defendant made or gave a false, or short, weight in selling coal. To have constituted a criminal offense, it was necessary for the affidavit to have expressly stated that the accused knowingly sold and delivered coal by a false or short weight, or by a weight and measure other than that prescribed by law. For the act to have constituted a criminal offense, it must have been knowingly committed. Such is the language of Section 4151 of the Code, supra.

Upon the trial, in the court below, the State, over the objection and exception of defendant was permitted to introduce testimony which tended to show that J. C. Stone, a police officer of the town of Russellville, Alabama, aided and assisted by a negro truck driver, who was in the employment of a coal dealer in said town of Russellville, and actually using the truck of said coal dealer, in the absence of the defendant, and without his knowledge or consent, removed the coal, found upon the premises of Mr. Vernon Bolton, and reweighed said coal, upon scales, not shown to be accurate and correct according to any recent inspection thereof.

As a result of this reweighing by the police officer, there was also introduced in evidence, over the objections and exceptions of the defendant, two paper writings designated as "City of Russellville Official Coal Scale Ticket." One of these tickets, dated 7/25/39, No. 6323, purports to represent a sale of 3,025 pounds of coal by said Woodard to Vernon Bolton on that day. The other of these tickets, dated 7/27/39, No. 6321, purports to represent the sale of 3,275 pounds of coal by the said Woodard to the said Vernon Bolton on that day.

The testimony does not show that either of said tickets was ever in the possession of the defendant, or that he was connected therewith or had any knowledge thereof. Palpably none of the testimony was of the res gestae, and its admission, therefore, was the admission of hearsay testimony calculated to injure and prejudice the defendant before the jury. Its

admission by the trial court was reversible error.

This court cannot, and no court should, approve the facts and circumstances, as shown by this record, upon which the appellant was 'prosecuted in the court below. It affirmatively appears that the conviction of appellant was secured by an improper use and application of the law of this State.

The defendant cannot again be tried upon the affidavit and warrant preferred against him; and, as the statute of limitations is a bar to the preferment of a new criminal charge, based upon the acts complained of here, it is the order and judgment of this court that the judgment of conviction from which this appeal was taken is reversed, and an order here entered discharging this appellant from further custody in this proceeding.

Reversed and rendered.