69 Cal.App.2d Supp. 819 (1945)
THE PEOPLE, Respondent,
v.
W. J. BEGGS et al., Appellants.
California Court of Appeals. 
June 25, 1945.
 Redmond & Redmond for Appellants.
 Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondent.
 BISHOP, J.
 [1] In three separate complaints three groups of defendants were charged, in count one, with wilfully and unlawfully selling "an article of food, to wit: onions, which was then and there mislabeled and misbranded, in that its label represented the contents of the container in which it was packed to be greater in quantity and weight than they in truth and in fact were." These allegations state a public offense under section 26510 of the Health and Safety Code (Stats. 1943, p. 2635) which provides: "The ... selling ... of any article of food which is ... misbranded is prohibited," for section 26490 of the same code declares: "A food shall be deemed to be misbranded: (1) If its labeling is false or misleading in any particular."
 [2] The evidence warranted the trial court in reaching these conclusions: The onions involved in these cases were grown in Texas and were shipped to Los Angeles in sacks bearing labels which read: "Texas Onions 50 lbs. net weight." The shippers had been directed to fill the sacks so that they contained more than fifty pounds of onions, but in fact most of the sacks never had contained as much as fifty pounds of onions. None of the defendants weighed the sacks of onions which they sold until after the sales were made and the sealer of weights and measures had intervened. The defendant Cornett sold sacks of onions labelled as though containing fifty pounds each, but which failed to do so, to the Los Angeles Potato Distributors, Inc., a corporation, which, in turn, acting through defendants Harry Alouzet and Felix Marina, sold [69 Cal.App.2d Supp. 822] them to Haddad Bros. Produce Company. Defendant Cornett also sold some of these misbranded sacks to Beggs Bros. Produce Company, a business operated by defendants W. J. and Nat Beggs, on whose behalf and with whose knowledge defendant Jones resold the sacks to Balsano Produce Company.
 The conclusions just set forth support the convictions of the several defendants on the first count. [3] Neither knowledge nor an intent to defraud is made a condition of the statute, with the result that the act of selling misbranded goods constitutes the offense, though done, as it doubtless was in the case before us, both in happy ignorance of the fact that the legend on the sacks was incorrect and without any intention of defrauding anyone. This conclusion is supported by cases analogous to ours, decided in this state (People v. Hartman (1900), 130 Cal. 487, 490 [62 P. 823]; People v. Pera (1918), 36 Cal.App. 292, 304 [171 P. 1091]; People v. Bickerstaff (1920), 46 Cal.App. 764, 770 [190 P. 656]; People v. Sweeney (1944), 66 Cal.App.2d 855, 859 [153 P.2d 371]), and by cases on all fours, decided elsewhere (Commonwealth v. Sacks (1913), 214 Mass. 72 [100 N.E. 1019, Ann.Cas. 1914B 1076, 43 L.R.A.N.S. 1]; Smith v. State (1931), 223 Ala. 346 [136 So. 270, 271]; Woodard v. State (1941), 30 Ala.App. 144 [2 So.2d 330, 332]; State v. Weisberg (1943), 74 OhioApp. 91 [55 N.E.2d 870, 872]; Great Atlantic & Pacific Tea Co. v. District of Columbia (1937), 89 F.2d 502 [67 App.D.C. 30], 505; but see City of Newark v. East Side Coal Co. (1909), 77 N.J.L. 732 [73 A. 484]). [4] The employment of the words "wilfully and unlawfully" in the complaints did not require proof of knowledge or intent not required by the statue. (People v. Settles (1938), 29 Cal.App.2d Supp. 781, 784 [78 P.2d 274].)
 Other contentions were made by the defendants respecting their conviction on this first charge, but we find them untenable. Some of the contentions are based on principles governing interstate commerce. As it was agreed that "All these facts stipulated in the stipulation occurred in the city of Los Angeles" we are not confronted with an interstate question, for, in spite of rumors to the contrary, the boundaries of the city do not extend beyond state lines.
 [5a] The second count of each complaint charged that the defendants sold onions "represented by [the defendants] to be of a weight of fifty (50) pounds, which was ... a weight greater than the true net weight thereof." The words chosen [69 Cal.App.2d Supp. 823] for this second count come partly from section 12023 of the Business and Professions Code [fn. *], and partly from the succeeding section which reads: "12024. Every person, who by himself, or through or for another, sells any commodity in less quantity that he represents it to be is guilty of a misdemeanor." [6] The count charges the defendants with having done an act which is made a misdemeanor by the section just quoted, although not pleaded in the words of the section, and the fact that it is recited in the complaint that the act is a violation of section 12023 is of no legal consequence. (People v. Arthur (1934), 1 Cal.App.2d Supp. 768, 771 [32 P.2d 1002, 1003], and cases cited.) [5b] An essential element of the public offense charged is that the defendants "represented" the quantity of the onions, by reference to their weight. It seems obvious to us that a merchant could not properly be held to have violated section 12024 by selling food to a customer to whom he made no mention of the weight, or quantity, in any manner; there must be a representation to the buyer of a greater quantity than in truth is sold, or section 12024 is not violated. A statement made but not heard by the buyer, consequently, would not "represent" a higher quantity than the true quantity, nor would a legend on a sack, never seen by the buyer, constitute a representation.
 In the case at bar there was no evidence that any of the buyers had ever seen the sacks upon which the purported net weight of the contents was given, nor was there any evidence that the weight had been represented in any other fashion. The conviction of the defendants in the two cases where convictions were had under the second count, must therefore be reversed. We are remanding the two cases for new trials, as to count two, because of the possibility that evidence may be adduced of representations of the weight of the onions other than by means of the label on the sacks. [7] If the only evidence of representation as to the weight of onions is that the labels on the sacks were seen by the purchasers, then additional sentences [69 Cal.App.2d Supp. 824] will not be proper, for, in such event, counts one will be completely included within the proof of acts under counts two and double punishment is not authorized. (See People v. Buchanan (1929), 106 Cal.App.Supp. 765, 767 et seq. [288 P. 50]; People v. Twedt (1934), 1 Cal.2d 392, 398 [35 P.2d 324]; People v. Craig (1941), 17 Cal.2d 453 [110 P.2d 403]; People v. Krupa (1944), 64 Cal.App.2d 592 [149 P.2d 416].)
 The judgments of conviction and orders denying new trial, with reference to the first count in each case, are affirmed. The judgments of conviction based on the second count in cases numbered 24650 and 24652 in the trial court are reversed and the cases remanded for new trials.
 Shaw, P. J., and Kincaid, J., concurred.
NOTES
[fn. *] *. Section 12023, Business and Professions Code: "Every person who by himself or his employee or agent, or as the employee or agent of another, sells any commodity, at, by, or according to gross weight or measure, or at, by, as, of, or according to any weight, measure or count which is greater than the true net weight, measure or count thereof, or which is less than the standard net weight, standard net measure or standard net count, including tolerances as such standards and tolerances are established pursuant to the provisions of this division is guilty of a misdemeanor."