# EX PARTE UNITED STATES, PETITIONER.

### PETITION FOR WRIT OF PROHIBITION.

No. 10, Original.　Submitted December 16, 1912.—Decided January 6, 1913.

Unless the repeal be express or the implication to that end be irresistible, a general law does not repeal a special statutory provision affording a remedy for specific cases. *Petri* v. *Creelman Lumber Co.*, 199 U. S. 487.

The special provisions of the Expedition Act of February 11, 1903, 32 Stat. 823, c. 544, requiring in a particular class of cases the organization of a court constituted in a particular manner, were not repealed by the Judicial Code of 1911.

The new District Court created by the Judicial Code of 1911 is the successor of the formerly existing Circuit Court and as such is vested with the duty of hearing and disposing of cases under the Expedition Act of 1903, § 291.

Section 291 of the Judicial Code of 1911 expressly confers powers of the Circuit Court upon the now existing District Courts.

Under the Expedition Act of 1903 a court composed as required by that act may be organized at the request of the United States to consider the plan to carry out the decree of this court holding a combination unlawful under the Sherman Anti-trust Act.

In this case the district judge having refused to organize a court under the Expedition Act to determine the form of decree to be entered under the mandate of this court, this court issues its writ of prohibition directed to the district judge against entering a decree.

THE facts, which involve the construction of the Expedition Act of 1903 and the question of whether certain provisions of the Judicial Code of 1911 conflict therewith, are stated in the opinion.

*The Attorney General* and *Mr. Edward C. Crow*, Special Assistant to the Attorney General, for petitioner.

*Mr. Henry S. Priest* for the respondent.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The matter before us concerns the execution of the decree in *United States* v. *Terminal Railroad Association of St. Louis*, 224 U. S. 383. That case, which involved violations of the Sherman Anti-trust Act, was commenced in the Circuit Court of the United States for the Eastern District of Missouri, was there decided by four circuit judges in consequence of the filing by the Attorney General of the United States of the certificate provided for by the act of February 11, 1903 commonly known as the Expedition Act, c. 544, 32 Stat. 823. While the case was here pending, the Judicial Code of March 3, 1911, 36 Stat. 1087, c. 231, was adopted, and hence our mandate was directed to the District Court of the United States for the Eastern District of Missouri, the successor of the Circuit Court.

Upon the filing of the mandate in that court, the judge of the District Court being disqualified, District Judge Trieber, of the District Court of Arkansas, was assigned to sit in the cause. Disagreement between the parties having arisen as to what plan of reorganization should be adopted to carry out the mandate of this court, and the court below having expressed its intention to adopt by a final decree a plan to which the Government did not assent, objection was made by the United States to proceeding further, upon the ground thus stated by the court below in its opinion

" . . . as a certificate under the Expedition Act was filed when the action was originally instituted, the decree on the mandate could not be entered by a single judge, but only by at least three circuit judges, in conformity with the Expedition Act above referred to."

The suggestion having been overruled by a formal order and fruitless effort having been made to induce action

by the senior circuit judge who was also the senior circuit judge who had participated in the original decision of the cause, the interposition of this court by the proceeding before us was invoked. The judge below evidently only desirous of being informed as to his duty, after leave to file the application for prohibition was here granted, has submitted the issue on the opinion of the court below and upon printed argument for both parties, as if on a return to a rule to show cause why the writ should not issue.

In refusing to apply the Expedition Act the court below, "assuming without deciding that the Judicial Code does not repeal the Expedition Act," based its refusal upon the ground that the proceeding to enforce the mandate of this court was not within the intendment of the Expedition Act because not a matter requiring the hearing contemplated by that act. This view was maintained by conclusions as to the general nature of the duty to give effect to a decree already rendered and by considerations based upon the opinion that the decree of this court was so specific as to leave no room for discussion and therefore to afford no occasion for organizing a tribunal constituted in accordance with the requirements of the Expedition Act. In the printed argument, however, upon which the matter has been here submitted, the action of the court is sought to be sustained upon a much broader ground, viz., that as by the Judicial Code the Circuit Courts were abolished, it has become no longer possible to organize a court in accordance with the Expedition Act, because that act by implication has been repealed by the Judicial Code. Thus, after commenting upon the provisions of the Judicial Code, it is said:

"The Judicial Code (Sec. 1, Chap. I) provides for a District Judge for each District Court.

"There is no provision for the exercise of any judicial authority by any circuit judge, except by special appointment, pursuant to the provision of Sec. 18, Chap. I, of

the Code. He then derives his power from such appointment and from no other source. As Circuit Judges they have no authority in the enforcement of the jurisdiction of the District Courts.

"After devolving upon the District Courts the jurisdiction formerly possessed by the abolished Circuit Courts, the Code (Chap. VI) creates a Circuit Court of Appeals, and provides (Sec. 117):

"'There shall be in each circuit a Circuit Court of Appeals which shall consist of three judges, . . . which shall be a court of record with appellate jurisdiction as hereinafter limited and established.'

"It must be conceded, in view of this legislation, if this suit was now instituted, it could only be heard by a District Judge unless some Circuit Judge should be appointed under the provisions of Sec. 18, Chap. I, to discharge the functions of a District Judge and the case be brought before him in that capacity."

But the contention is faulty, because although the premise upon which it rests be conceded, the deduction drawn from it is unwarranted. It is of course undoubted that Chap. XIII of the Judicial Code, while not interfering with the tenure of office of the circuit judges, abolished the Circuit Courts. It is also undoubted that by that act the District Courts provided for were made the successors of both the Circuit and District Courts which had theretofore existed and were in a general sense endowed with the jurisdiction and power theretofore vested in such prior courts. It is moreover beyond question that the statute, while contemplating as a general rule the holding of District Courts by district judges and as a general rule for holding Circuit Courts of Appeal by circuit judges, nevertheless expressly directs when the occasion requires (§ 18) the assignment by the senior judge, or the circuit justice, or the Chief Justice, of a circuit judge to hold a District Court and endows a judge so assigned with all

the authority of a district judge (§ 19), giving power in case of such designation to hold separately at the same time a District Court in such district, and to discharge all the judicial duties of the district judge therein (§ 14). The statute therefore clearly gives to the circuit judges the rights and powers of judges of the new District Courts, and calls such powers into play when assigned according to law.

The question, therefore, reduces itself to this: Were the special provisions of the Expedition Act requiring in a particular class of cases the organization of a court constituted in a particular manner repealed by the Judicial Code? This is the only question, because if that act was not repealed by the Code, then its provisions amount to an assignment by operation of law of the circuit judges to sit as judges of the District Court for the purpose of discharging the duties imposed by the act. When the issue is thus narrowed solution is readily reached by the application of the elementary rule that a special and particular statutory provision affording a remedy for particular and specific cases is not repealed by a general law unless the repeal be express or the implication to that end be irresistible. *Petri* v. *Creelman Lumber Co.*, 199 U. S. 487, 497. That the new District Court created by the Judicial Code was vested with the duty of hearing and disposing of the cases provided for in the Expedition Act as the successor of the formerly existing Circuit Court, as we have already stated, is undoubted. The mere fact that the Expedition Act in terms refers to the organization of a Circuit Court would be, as a general rule, under the circumstances, of no importance, and becomes absolutely without significance in view of the express provision of Chap. XIII, § 291, of the Judicial Code, saying: "Wherever, in any law not embraced within this Act, any reference is made to, or any power or duty is conferred or imposed upon, the circuit courts, such reference shall,

upon the taking effect of this Act, be deemed and held to refer to, and to confer such power and impose such duty upon, the district courts."

The Expedition Act being therefore still in force and its provisions being applicable to the District Courts which the Judicial Code created, we think the court below erred in concluding that the United States was not entitled to a District Court organized in the mode pointed out in the Expedition Act unless it be, as stated by the lower court in its opinion, the subject in hand was of such a character as not to be within the scope of the Expedition Act. Coming to consider that question without going into any elaboration, we are of opinion that error was committed in so holding. While it is true that the mandate of this court gave certain specific directions as to the scope and character of the decree to be entered, it afforded an opportunity to the defendants to submit a plan in order to carry out the decree and gave to the United States an opportunity to be heard in opposition to that plan, and left to the court a serious and important duty to be discharged in any event and especially in case of controversy on the subject. These considerations, we think, brought the subject within the scope of the Expedition Act and justified the request of the United States that the case be considered and a decree entered by a court composed as provided in that act.

*Writ of prohibition to issue.*