### KNAPP v. BYRAM et al. MEISENHELDER v. SAME. TIGHE v. SAME. FORD v. SAME.

District Court, D. Minnesota, Third Division. July 22, 1927.

Removal of causes ⬥3—Provision against removal of action under federal Employers' Liability Act against federal court receiver of common carrier held not impliedly repealed by amendment of general removal statute (federal Employers' Liability Act, § 7, and § 6, as amended by Act April 5, 1910 [45 USCA §§ 56, 57]; Judicial Code, § 33, as amended by Act Aug. 23, 1916 [28 USCA § 76]).

Provision of federal Employers' Liability Act, § 6, as amended by Act April 5, 1910, § 1 (45 USCA § 56 [Comp. St. § 8662]), denying right of removal to federal court of actions arising under the act and brought in state court, which by section 7 of the act (45 USCA § 57 [Comp. St. § 8663]) includes one against a receiver charged with duty of operation of business of common carrier, being a special provision clear and explicit, is not repealed by implication, as to an action under such act against a receiver appointed by a federal court for a common carrier, by Judicial Code, § 33, as amended by Act Aug. 23, 1916 (28 USCA § 76 [Comp. St. § 1015]), adding to the actions which may be removed, one against any officer of the courts of the United States for or on account of any act done under color of his office, or in the performance of his duties as such officer; it not clearly appearing that a repeal was intended.

Four actions, one by John S. Knapp, one by L. Meisenhelder, special administratrix and personal representative of the estate of William F. Lavell, deceased, one by Frank J. Tighe, and the other by Ruth Ford, administratrix and personal representative of the estate of Walter Ford, deceased, all against H. E. Byram and others, receivers of the Chicago, Milwaukee & St. Paul Railway Company. Motions to remand to state court granted.

Tautges, Wilder & McDonald, of Minneapolis, Minn., for the motions.

F. W. Root, C. O. Newcomb, and A. C. Erdall, all of Minneapolis, Minn., opposed.

Before CANT, MOLYNEAUX, and JOHN B. SANBORN, District Judges.

PER CURIAM. Plaintiffs brought these actions respectively in the state district court under the provisions of the federal Employers' Liability Act (45 USCA §§ 51–59 [Comp. St. §§ 8657–8665]). That act was originally passed in 1908 (35 Stat. 65, c. 149).

Except for an abortive act passed in 1906 (34 Stat. 232), this act of 1908 was new legislation. Prior thereto, federal legislation had not entered or occupied this field.

Section 7 of the Act of 1908 (45 USCA § 57 [Comp. St. § 8663]) provides as follows:

"That the term 'common carrier' as used in this act shall include the receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier."

In 1910, by 36 Stat. 291, c. 143, the following language was, for the first time, made a part of said act as an amendment to section 6 (45 USCA § 56 [Comp. St. § 8662]) thereof:

"Under this act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The

jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

After the commencement of said actions, the defendants, in each thereof, caused the same to be removed to this court, claiming the right to such removal under the provisions of section 33 of the Judicial Code as amended (28 USCA § 76 [Comp. St. § 1015]). Thereafter the plaintiffs moved that such cases be remanded to the state court, and their right to such removal is the question before the court.

Section 33 of the Judicial Code originally provided that certain civil suits and criminal prosecutions instituted in the state courts against certain persons acting under authority of the laws of the United States might be removed to the proper court of the United States for trial and further disposition.

On August 23, 1916 (39 Stat. 532, c. 399), said section was amended by inserting therein for the first time, the following words: "or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer," so that the section now reads as follows so far as the same is important in this case, viz.:

"When any civil suit or criminal prosecution is commenced in any court of a state, * * * against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, * * * the said suit or prosecution may * * * be removed" to the proper United States District Court.

The defendants in these cases are receivers appointed by the United States District Court and are, therefore, officers of that court.

Section 6 of the federal Employers' Liability Act above referred to as amended by the act of 1910, supra, taken alone, would deny defendants the right to remove said cases to this court.

Section 33 of the Judicial Code above referred to, as amended by the act of 1916, supra, taken alone, would give defendants that right.

Narrowed still further, the question is whether section 6 of the federal Employers' Liability Act, as amended in 1910, has been superseded or repealed by section 33 of the Judicial Code as amended in 1916. The question is one of legislative intent.

A statute may be repealed by the use of express words to that effect in subsequent legislation where the repealed statute is specifically referred to; or it may be expressly repealed by subsequent legislation wherein the language employed is that prior legislation inconsistent with the enactment of the repealing chapter, is repealed. Express repeals of the class first above referred to are the plain and direct expression of the legislative will. They give rise to no subsequent controversy as to what was intended. Their effect does not depend upon construction or interpretation.

The provisions in question, as found in section 6 of the federal Employers' Liability Act, as amended in 1910, denying the right of removal, have never been expressly repealed.

A statute may sometimes be repealed by implication when its provisions are in clear and irreconcilable conflict with subsequent legislation and where the intent to repeal is clearly manifest. To effect such repeal, judicial construction is required, and in such cases the attempt is to discover and declare the legislative intent where that intent is not expressed. Such repeals by implication are not favored. Wood v. United States, 16 Pet., star page 342, star page 362 et seq., 10 L. Ed. 987; Washington v. Miller, 235 U. S. 422, 428, 35 S. Ct. 119, 59 L. Ed. 295; United States v. Greathouse, 166 U. S. 601, 605, 17 S. Ct. 701, 41 L. Ed. 1130; Frost v. Wenie, 157 U. S. 46, 58, 15 S. Ct. 532, 39 L. Ed. 614; Chew Heong v. United States, 112 U. S. 536, 549, 550, 5 S. Ct. 255, 28 L. Ed. 770.

"The result of the authorities cited is that when an affirmative statute contains no expression of a purpose to repeal a prior law, it does not repeal it unless the two acts are in irreconcilable conflict, or unless the later statute covers the whole ground occupied by the earlier and is clearly intended as a substitute for it, and the intention of the Legislature to repeal must be clear and manifest." Red Rock v. Henry, 106 U. S. 596, 601, 1 S. Ct. 434, 439 (27 L. Ed. 251).

The rule against repeals by implication is especially applicable "where the prior law is a special act relating to a particular case or subject and the subsequent law is general in its operation." The reason for the rule is more apparent in such cases. Petri v. Creelman Lumber Co., 199 U. S. 487, 497, 26 S. Ct. 133, 136 (50 L. Ed. 281).

To the same effect are Rodgers v. United

States, 185 U. S. 83, 87, 22 S. Ct. 582, 46 L. Ed. 816; Gowen v. Harley (C. C. A.) 56 F. 973, 978 et seq.

Without laying emphasis expressly upon this point, the same was recognized and acted upon in South Carolina ex. rel. Wagner v. Stoll, 17 Wall. 425, 431, 21 L. Ed. 650.

Strictly, and perhaps, technically, speaking, a special act is one which, by the terms thereof, is limited arbitrarily to particular persons, places or things, when legislation of the same character might be made to operate generally on all persons, places and things of the class to which those covered by the act respectively belong. Van Cleve v. Passaic Valley Sewerage Commissioners, 71 N. J. Law, 183, 58 A. 571; Dundee Mortgage, etc., Co. v. School District (C. C.) 21 F. 151, 158; State v. Cooley, 56 Minn. 540, 548, 549, 58 N. W. 150; State v. Rogers, 93 Minn. 55, 100 N. W. 659.

With reference to such legislation the rule is that "privileges granted by a special act or charter are not affected by general legislation on the same subject, but the special charter and general laws must stand together; the one as the law of the particular case, and the other as the general law of the land." Gowen v. Harley (C. C. A.) 56 F. 973, 979. See, also, Petri v. Creelman Lbr. Co., 199 U. S. 487, 497, 26 S. Ct. 133, 50 L. Ed. 281.

It is otherwise stated that "the fact that the one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general." Rodgers v. United States, 185 U. S. 83, 87, 88, 22 S. Ct. 582, 583 (46 L. Ed. 816). See, also, Washington v. Miller, 235 U. S. 422, 428, 35 S. Ct. 119, 59 L. Ed. 295; Townsend v. Little, 109 U. S. 504, 512, 3 S. Ct. 357, 27 L. Ed. 1012.

Chief Justice White has stated the rule to be "that a special and particular statutory provision affording a remedy for particular and specific cases is not repealed by a general law unless the repeal be express or the implication to that end be irresistible." Ex parte United States, 226 U. S. 420, 424, 33 S. Ct. 170, 172 (57 L. Ed. 281).

The reasons for the rule last stated are set forth in the Rodgers Case above cited at pages 88 and 89 thereof (22 S. Ct. 583) as follows:

"The Legislature having had its attention directed to a special subject, and having observed all the circumstances of the case and provided for them, does not intend by a general enactment afterwards to derogate from its own act when it makes no special mention of its intention so to do."

And again:

"The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms or treating the subject in a general manner and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all."

It is clear that this reasoning goes quite beyond cases where the prior special legislation is a technically true special act as above defined. The above excerpts are taken from a case where there was no such special act. There is, however, a broader and not less accurate sense in which the term "special" as applied to legislation is often used. "The greater part of all legislation is special, either in the objects sought to be attained by it, or in the extent of its application." Missouri Pacific R. R. Co. v. Mackey, 127 U. S. 205, 209, 8 S. Ct. 1161, 1163 (32 L. Ed. 107).

The reference to special legislation as such in the authorities is not of controlling importance, but is illustrative of the broader general rule against repeals by implication and of the probable lack of intent on the part of legislators to disturb existing conditions or effect a repeal where no such intent is expressed. The application of the rule made against repeals by implication as between earlier special legislation so called and a later general act has come to this: That where it is apparent that in the earlier act the lawmaking body has dealt deliberately with new or special conditions, or particular situations therein specified, and has inaugurated or declared a definite policy with reference thereto, or in connection therewith has provided a remedy or has conferred rights or privileges, such act is to be regarded as special within the meaning of the rule and will not be superseded by a later general act in the absence of express words of repeal. Such prior act deals with specific facts, conditions, situations or circumstances in such outstanding way as to justify the application of the term "special legislation" within the broader meaning of that term in reference thereto, and so also as to make fully applicable the reasons quoted supra from the Rodgers Case.

The test in such cases is not whether the earlier statute is a special act within any par-

ticular definition of that term but whether the statute deals deliberately with specific situations to which the reasons above quoted from the Rodgers Case apply. This is clear from a consideration of many cases involving the question of implied repeals where both acts involved have been general laws, and where the holding has been against a repeal for reasons, so far as expressed, substantially as set forth in the Rodgers Case. Rodgers v. United States, 185 U. S. 83, 88, 89, 22 S. Ct. 582, 46 L. Ed. 816; Ex parte United States, 226 U. S. 420, 33 S. Ct. 170, 57 L. Ed. 281; United States v. Greathouse, 166 U. S. 601, 17 S. Ct. 701, 41 L. Ed. 1130; United States v. Healey, 160 U. S. 136, 146 et seq., 16 S. Ct. 247, 40 L. Ed. 369; Townsend v. Little, 109 U. S. 504, 3 S. Ct. 357, 27 L. Ed. 1012; Ex parte Crow Dog, 109 U. S. 556, 570, 3 S. Ct. 396, 27 L. Ed. 1030; Magruder v. State, 40 Ala. 347, 349.

In cases of the character here involved courts have become accustomed to speak of "special provisions," or of "special and particular statutory provision" in a general act, as in Ex parte United States, 226 U. S. 420, 424, 33 S. Ct. 170, 57 L. Ed. 281, supra; or of "specific provisions" in a general act, as in Townsend v. Little, 109 U. S. 504, 512, 3 S. Ct. 357, 27 L. Ed. 1012; or of "particular provisions" as in Magruder v. State, 40 Ala. 347; or of the "express letter" of a certain act, as in Ex parte Crow Dog, 109 U. S. 556, 570, 3 S. Ct. 396, 27 L. Ed. 1030.

The matter is clarified and the law in this circuit is declared in a long line of cases, most of the opinions therein being written by Judge Walter H. Sanborn. In some of these cases the earlier of the two statutes involved has been a special act, strictly so called. Gowen v. Harley (C. C. A.) 56 F. 973, where the earlier statute granted a special charter to a certain railway company, is an example of this class. In other of the cases both the statutes have been general acts. A statute does not become a special act in a technical sense because it deals with or relates to some particular class or subject. If it did thereby become a special act, very many acts would be classified as special, because large numbers of statutory enactments deal with a single subject or with a single class. Laws which deal with all persons or things within a certain class, where there is reasonable basis for the classification are usually general laws. It is when a class is broken up and one or more selections are arbitrarily made therefrom, that a law thereby becomes truly a special act. But, as before stated, in a very proper sense, any law which deals explicitly with a specific subject or class may be, and often is spoken of as embodying special provisions, or as the special law applicable thereto. This is especially so where, as here, the question arises with respect to two statutes where it is claimed that one is impliedly repealed by the other. The understanding of the courts is that specific legislation with reference to a class or a subject, for the purpose here in mind, is to be considered and spoken of as special legislation. Whether special laws, or not, they are, at least, special provisions in general laws. This clearly appears from the opinion in the Rodgers Case and from other cases hereinbefore cited from the United States Supreme Court, as well as from various cases in this circuit.

In Anchor Oil Co. v. Gray (C. C. A.) 257 F. 277, 283, is found the following statement of the law:

"It is a cardinal rule of the construction of statutes that specific legislation in relation to a particular class or subject is not affected by general legislation in regard to many classes or subjects, of which that covered by the specific legislation is one, unless it clearly appears that the general legislation is so repugnant to the special legislation that the legislators must be presumed to have intended thereby to modify or repeal it; but the special and the general legislation must stand together, the former as the law of the particular class or subject, and the latter as the general law upon other subjects or classes within its terms."

In Great Northern Railway Co. v. United States (C. C. A.) 155 F. 945, 960, 961, is the following statement of the law:

"To establish a supersession or repeal of a statute by implication, it is not sufficient to show merely that a later statute, making no mention of the particular subject of a prior one, employs language broad enough to cover some part or all of it; for, as words are sometimes employed with less than their largest literal meaning, it must also appear that the two statutes cannot stand together, reasonable purpose and operation being accorded to each. Particularly is this true if the prior statute expresses a settled policy in legislation."

This opinion was written by Justice Van DeVanter when sitting as United States Circuit Judge.

The foregoing rules apply quite as fully and freely where the earlier statute is general, as where it is in technical strictness a special law. They are constantly being invoked in such cases, as the citations will

show. Indeed, referring to the language last quoted, it could be only a general law which would express "a settled policy in legislation." In that case the earlier enactment is spoken of throughout as a general law, and the court makes it clear that regardless of how the earlier enactment may be denominated, whether general or special, "a statute couched in clear and explicit terms is not overthrown by possible, but not necessary, implications flowing from after legislation." Page 961. See, also, Stoneberg v. Morgan (C. C. A.) 246 F. 98, 100, 101; Harris v. Bell (C. C. A.) 250 F. 209, 216; Christie-Street Commission Co. v. United States (C. C. A.) 136 F. 326, 333.

If we pass directly to a consideration of the enactments here in question, we find that both are general laws and that the earlier statute, the Act of 1908 (35 Stat. 65, c. 149), as amended by the Act of 1910 (36 Stat. 291, c. 143), is "couched in clear and explicit terms." Great Northern Ry. Co. v. United States (C. C. A.) 155 F. 945, 961. When first enacted, its provisions covered a new field in federal legislation and expressed a new and "settled policy" with reference thereto. The provisions here particularly in question were unusual and specific in their character and were evidently the deliberate action of the lawmaking body. They were a conspicuous and important feature in the new legislation. They expressly declared that in this new field plaintiffs should have the option of trying their cases in either a state or federal court and that actions instituted in state courts under the provisions of that act should not be removed to any court of the United States. By the terms of the act, such provisions also apply to receivers of common carriers, as well as to common carriers themselves. These provisions are all clearly special within the meaning of the authorities hereinbefore referred to, and the language quoted from Rodgers v. United States, 185 U. S. 83, at pages 88, 89, 22 S. Ct. 582, 583 (46 L. Ed. 816) fully applies.

The statute which is relied on as repealing the provisions last mentioned (section 33 of the Judicial Code, as amended by the Act of 1916 [39 Stat. 532, c. 399]), is most general in its terms. Before the amendment of 1916, such statute had provided that certain civil actions and criminal prosecutions instituted against persons acting under the authority of the laws of the United States, might be removed to the proper District Court of the United States for trial and disposition. The amendment of 1916 merely inserted the words, "any officer of the courts of the United States for or on account of any act done under color of his office, or in the performance of his duties as such officer," so that thereafter the right of removal in similar cases extended to the officers last mentioned. Receivers, common carriers, receivers of common carriers, or the federal Employers' Liability Act were not referred to.

General words in a later act may be so precise, persuasive, and all-inclusive as to take a particular case out of the general rule, and compel the conclusion that it was the intent of the lawmakers to abolish the line of policy specifically announced in the earlier statute, and to inaugurate a new and uniform policy with reference to the matter in hand, which should apply to the circumstances and conditions contemplated and embraced in the earlier act. So here, if the amendment of 1916, to section 33 of the Judicial Code, had, in effect, provided that actions thereafter brought under the federal Employers' Liability Act so called, against receivers of common carriers appointed by a court of the United States, should be removable to the proper United States District Court for trial, there would then have been an irreconcilable conflict between the earlier and the later enactment. Of necessity the earlier enactment would fall. Under such language, giving effect to the same according to its terms, it would not be possible to say that the earlier enactment might stand as the law in the specific case covered by it, and that it should operate as an exception to the later provision. Such is not the situation here. We have no such language. With the language here in question there is no difficulty in placing this case in the same category with the many others which have been cited, and which hold that the earlier act is the law in the particular cases covered by it, and that the later act is the general law applicable in other cases which fall within its terms. The earlier act, according to its terms, controls as to receivers who are defendants in actions under that act; the later act governs as to all others.

In conclusion the following statements are added:

1. That at the time of passing the later acts here in question, Congress is presumed to have known of existing legislation on the same general subject. Gaston v. Merriam, 33 Minn. 271, 283, 22 N. W. 614; State v. Klasen, 123 Minn. 382, 385, 143 N. W. 984, 49 L. R. A. (N. S.) 597.

2. That in ascertaining the legislative in-

tent of Congress in adopting the amendment of 1916—and this is the important question here—"the legal presumption is that the legislative body expressed its intention in the statute, that it intended what it expressed, and that it intended nothing more." Soliss v. General Electric Co. (C. C. A.) 213 F. 204, 207.

3. That the burden is on those claiming the repeal to establish that claim. In the absence of express words of repeal, which would have been the usual course if a repeal had been intended, we must be led clearly to the conclusion that such intent has been otherwise made out. "Such an interpretation * * * should not be adopted unless it be inevitable, and any reasonable construction of the later act which offers an escape from it is more likely to be in consonance with the real intention." State v. Archibald, 43 Minn. 328, 330, 45 N. W. 606, 607.

4. That instead of its clearly appearing that a repeal was intended in this case, reason and authority and the strong probability as to the facts are quite against such a conclusion.

5. We have given most respectful consideration to the rulings of other judges on the points here involved and to their views in reference thereto, in so far as the same have been available, but have been unable to agree in holding that an implied repeal has been made out.

6. This memorandum attached to and filed with the order in the first case above entitled will be considered as attached to and filed with the order in each of the remaining cases.

The motion to remand should be granted.