## HOME OWNERS' LOAN CORPORATION v. CREED.
### No. 9179.

Circuit Court of Appeals, Fifth Circuit.
Dec. 16, 1939.

A. M. Frazier, Regional Counsel, Home Owners' Loan Corporation, J. J. Averitte, Asst. Regional Counsel, HOLC, and E. L. Early, Atty., HOLC, all of Dallas, Tex., for appellant.

No appearance was entered on behalf of appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

On January 15, 1939, appellee Creed as a farmer sought composition and extension under Sect. 75 of the Bankruptcy Act. 11 U.S.C.A. § 203. Home Owners' Loan Corporation, having a mortgage on the debtor's farm, moved to dismiss the proceedings so far as the same may in any manner affect its debt and security, on the ground that since Sept. 22, 1938, the effective date of the Chandler Act, 52 Stat. 840, 11 U.S.C.A. § 1 et seq., Home Owners' Loan Corporation and its liens are not amenable to pro-

ceedings under Sect. 75. The Conciliation Commissioner refused the motion, as did the district judge on review. This appeal presents the single question thus made.

■ Section 75, known as the Frazier-Lemke Act, does not except the Home Owners' Loan Corporation and its mortgages from its operation. The Chandler Act in Chapter XII providing for real property arrangements, Sect. 517, 11 U.S.C.A. § 917, says: "Nothing contained *in this chapter* shall be deemed to affect or apply to the creditors of any debtor under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto; nor shall its provisions be deemed to allow extension or impairment of any secured obligation held by Home Owners' Loan Corporation or by any Federal Home Loan Bank or member thereof." The Chandler Act, neither in its caption nor body, makes any express reference to the Frazier-Lemke Act, though it expressly amends, substitutes, or repeals many provisions of former bankruptcy Acts, until near the end in Sec. 2, sub. a, 52 Stat. 939, 11 U.S.C.A. § 203, note, there is a brief extension of the stay period under 75, sub. s, and an amendment as to the Conciliator's fees. In Sect. 4, 52 Stat. 940, 11 U.S.C.A. § 204 the words occur: "Section 76 of the Act entitled 'An Act to establish a uniform system of bankruptcy throughout the United States', approved July 1, 1898, as amended, is hereby repealed. Except to the extent necessary to give effect to the provisions of section 6 of this amendatory Act, all Acts or parts of Acts inconsistent with any provisions of this amendatory Act are hereby repealed." Whether under the words last quoted or under the doctrine of implied repeal for repugnancy, the question is whether there is such inconsistency between Chapter XII, Sect. 517, and the legislative scheme of Frazier-Lemke Act as to alter or destroy the latter.

Section 517 is in Chapter XII, and relates in express terms only to "this Chapter". It is true, as argued by appellant, that the Chandler Act, Sec. 5, sub. b, '52 Stat. 940, 11 U.S.C.A. § 1 note, says, on the subject of severability, "Sections and subdivision headings shall not be taken to govern or limit the scope of the sections or subdivisions to which they relate." These words seem to refer to the effect of the "headings" on the construction of sections and subdivisions. They do not say that

provisions in one Chapter may be transplanted to another Chapter. The subjects of the several Chapters are so diverse, and the provisions in each of them are so detailed, that such transfer is not generally intended. There are frequent express adoptions from other Chapters when such are intended. Whatever might have been held of Sect. 517 as stating a general policy in bankruptcy proceedings if the section had been generally worded, since its words restrict it to Chapter XII, its effect can go no further. Indeed, the first section of Chapter XII, Sec. 401, 11 U.S.C.A. § 801, says: "The provisions of this chapter shall apply exclusively to proceedings under this chapter."

■■ The contention is next made that Chapter XII is so related in subject matter to the agricultural compositions and extensions under Sect. 75 as to import Sect. 517 into proceedings for agricultural compositions. Chapter XII is headed "Real Property Arrangements By Persons Other Than Corporations." Section 406 (6), 11 U.S.C.A. § 806 (6), declares that "debtor" shall mean a person, other than a corporation, who could become a bankrupt under Sect. 4, 11 U.S.C.A. § 22. A farmer could become a voluntary bankrupt under Sect. 4. Since Chapter XII thus may include a farmer, and since an "arrangement" is defined in Sect. 406 (1) so broadly as to include the composition of a land mortgage under the Frazier-Lemke Act, the question really is whether Chapter XII supersedes the Frazier-Lemke Act. We think it does not. The two do not so cover the same ground as to justify the conclusion that one is to affect the other. The Chandler Act is one perfecting the permanent bankruptcy Acts of the United States specially dealt with by it. The Frazier-Lemke Act, though passed as an amendment of the Bankruptcy Act, is emergency legislation limited to a brief period, once expired and since extended. It was not intended to relieve mortgagors in general, but only farmers who were temporarily facing a peculiar and pressing financial problem. We can readily see that Congress might desire to include all mortgagees in the relief temporarily to be afforded farmers, but might desire to except quasi public loans from the general and permanent scheme for arranging real estate mortgages. The special plan for temporary agricultural relief ought not to be considered as overridden or superseded by the general provision,

though the latter may be open also to a farmer. The rule is that special legislation is not repealed by later general legislation unless the repeal be express or the implication to that end is irresistible; the special remains in force as an exception to the general. Washington v. Miller, 235 U.S. 422, 35 S.Ct. 119, 59 L.Ed. 295; Ex parte United States, 226 U.S. 420, 33 S.Ct. 170, 57 L.Ed. 281; Petri v. Creelman Lumber Co., 199 U.S. 487, 26 S.Ct. 133, 50 L.Ed. 281; United States v. Nix, 189 U.S. 199, 23 S.Ct. 495, 47 L.Ed. 775. That Sect. 75 was not thought by Congress to be superseded is shown by the minor amendments made in it as above stated.

We conclude that Sect. 75 is unaffected by the Chandler Act (except as it is expressly amended by it), and the judgment is affirmed.