MONTAGUE et al. v. ELECTRONIC COR-
PORATION OF AMERICA et al.
McCONNELL et al. v. SAME.

District Court, S. D. New York.
Feb. 14, 1948.

934

Aronstam & Karp, of New York City, for plaintiffs.

Leo J. Linder, of New York City, for defendants Electronic Corporation of America and Samuel J. Novick and Mollie F. Novick, its principal officers and directors.

Stanley J. Mayer, of New York City, for defendants David Horowitz, third officer and director, and Daniel D. Brockman, accountant.

Kaye, Scholer, Fierman & Hays, Guggenheimer & Untermyer, Irving Steinman, and Sullivan & Cromwell, all of New York City, for those defendant underwriters who have appeared.

COXE, District Judge.

These are motions by the defendants in the above-entitled actions to dismiss the amended complaints for lack of jurisdiction over the subject matter, Federal Rules of Civil Procedure, rule 12(b) (1), 28 U. S.C.A. following section 723c or, in the alternative, to require the plaintiffs to furnish undertakings for the payment of costs, including reasonable attorneys' fees. There are also cross-motions by the plaintiffs in the two actions for discovery and inspection of documents, books and papers in the possession, custody and control of certain of the defendants. F.R.C.P. 34(2).

The actions are brought by former and present stockholders of the defendant, Electronic Corporation of America (hereinafter referred to as "Electronic"), for damages for alleged untrue statements of material facts and omissions of material facts in a Registration Statement filed by Electronic with the Securities and Exchange Commission on December 3, 1945 (which became effective on January 4, 1946), in connection with a public offering of its preferred and common stock. The plaintiffs in both actions purchased Electronic securities on the public offering. Some of them sold their securities at substantial losses; others continued as stockholders, and it is alleged that their securities have greatly depreciated in value.

In the Montague action (No. 42–418) there are seventeen plaintiffs, all suing individually for their respective alleged losses. The McConnell action (No. 42–419) is a class action brought by two named plaintiffs suing on their own behalf and on behalf of all former and present preferred and common stockholders of Electronic similarly situated. Save for these differences, the amended complaints in both actions are identical.

The defendants in the two actions are Electronic, the issuer of the securities; the principal officers and directors of Electronic; the accountant who certified to the financial statements; and seven underwriters of Electronic's securities on the public offering.

The original complaints in the actions contained two separate causes of action. The first cause of action was stated to be under the Securities Act of 1933, as amended, 15 U.S.C.A. § 77a et seq., and alleged a series of untrue statements of material facts and omissions of material facts in the Registration Statement (including the Prospectus which, under the Rules of the Commission, must be filed as part of the Registration Statement). The second cause of action was stated to be under the Securities Exchange Act of 1934, as amended, 15 U.S.C.A. § 78a et seq., and, after repeating the allegations of the first cause of action, alleged that the defendants

in connection with the sales of Electronic securities "employed devices, schemes and artifices to defraud"; "engaged in transactions, practices and course of business which operated or would operate as a fraud and deceit upon the plaintiffs"; and "used and employed manipulative and deceptive devices and contrivances".

After the service of the original complaints the defendants moved in both actions for orders requiring the plaintiffs to furnish undertakings for the payment of costs, including reasonable attorneys' fees, in accordance with the provisions of § 11 (e) of the Securities Act of 1933, 15 U.S.C.A. § 77k(e) and § 9(e) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78i(e). The affidavits served by the defendants in support of these motions contained detailed facts which tended strongly to refute the allegations in the original complaints as to untrue statements and omissions in the Registration Statement. But before the motions were heard the plaintiffs in the two actions served amended complaints, and at the same time moved for discovery and inspection of documents, books and papers, under F.R.C.P. 34(2). The defendants thereupon made the present motions for the relief above described, and have submitted in support thereof affidavits substantially identical to those used on the prior motions.

The amended complaints omitted some of the alleged untrue statements and omissions contained in the original complaints, and the remaining allegations have been compressed into a single cause of action which is stated to arise under Section 10(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C.A. § 78j(b), and Rule X–10B–5 of the Securities and Exchange Commission promulgated thereunder.

This single cause of action is expressly limited to specific alleged untrue statements and omissions in the Registration Statement (including the Prospectus), and it is charged that by reason of such alleged untrue statements and omissions, and in connection with the public offering, the defendants made "untrue statements of material facts, and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading"; that they "employed devices, schemes or artifices to defraud"; and that they "engaged in acts, practices or courses of business which operate or would operate as a fraud or deceit upon plaintiffs and all others of the said class in connection with the purchase and sale of Electronic securities".

■ *First*: The amended complaints plainly state good claims under Section 11 of the Securities Act of 1933. The plaintiffs are persons who acquired Electronic securities covered by the Registration Statement; the defendants are the persons specified in Section 11 as the persons who may be sued; the claims are based solely on untrue statements and omissions in the Registration Statement, and the damages are those specified in the section. The actions are therefore maintainable under Section 11, despite the allegations in both amended complaints that the actions arise under Section 10(b) of the 1934 Act and Rule X–10B–5. Missouri K. & T. R. Co. v. Wulf, 226 U.S. 570, 576, 33 S.Ct. 135, 57 L.Ed 355; Kansas City W. R. Co. v. McAdow, 240 U.S. 51, 54, 36 S.Ct. 252, 60 L.Ed. 520; Hines v. Smith, 7 Cir. 275 F. 766, 768.

■ *Second*: The plaintiffs contend, however, that the actions may nevertheless be maintained under Section 10(b) of the 1934 Act and Rule X–10B–5. The purpose of the plaintiffs in seeking to bring the actions under that section and rule is obviously to avoid the provision of Section 11(e) of the 1933 Act providing that in any suit under that section "the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees". I do not think that the actions can be maintained under that section and rule.

Section 10(b) of the 1934 Act is entitled "Regulation Of The Use of Manipulative And Deceptive Devices", and reads in part as follows: "It shall be unlawful * * * (b) To use or employ, in connection with the purchase or sale of any security * * * any manipulative or deceptive device or contrivance in contra-

vention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule X–10B–5 provides that it shall be unlawful "(1) To employ any device, scheme or artifice to defraud, (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (3) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person."

■ Section 10(b) of the 1934 Act and Rule X–10B–5 were clearly not intended to supplant Section 11 of the 1933 Act. Section 11 of the 1933 Act is entitled "Civil liabilities on account of false registration statement". It relates to a limited special subject, and gives a new remedy to a purchaser of a security where the Registration Statement contains untrue statements or omissions of material facts. Section 10(b) of the 1934 Act is, on the other hand, in general language and prohibits the use in connection with any purchase or sale of a security of "any manipulative or deceptive device or contrivance". These words have been given a broad interpretation (see Geismar v. Bond & Goodwin, D.C., 40 F.Supp. 876, 878; Charles Hughes & Co. v. Securities and Exchange Comm., 2 Cir., 139 F.2d 434, 436), but they should not be construed so broadly as to make an action which is maintainable under Section 11 of the 1933 Act also maintainable under Section 10(b) of the 1934 Act. The settled rule of statutory construction is that, where there is a special statutory provision affording a remedy for particular specific cases and where there is also a general provision which is comprehensive enough to include what is embraced in the former, the special provision will prevail over the general provision, and the latter will be held to apply only to such cases as are not within the former. United States v. Chase, 135 U.S. 255, 260, 10 S. Ct. 756, 34 L.Ed. 117; Ex parte United States, 226 U.S. 420, 424, 33 S.Ct. 170, 57 L.Ed. 281; Kepner v. United States, 195 U.S. 100, 125, 24 S.Ct. 797, 49 L.Ed. 114, 1 Ann.Cas. 655; D. Ginsberg & Sons, Inc. v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704.

■ The application of this rule of construction permits both Section 11 of the 1933 Act and Section 10(b) of the 1934 Act to stand together in the same statutory scheme, Section 11 being confined to the particular situations specified in that section, and Section 10(b) being applicable to other situations. The cases of Kardon v. National Gypsum Co., D.C., 69 F.Supp. 512, and Speed v. Transamerica Corp., D.C., 71 F.Supp. 457, cited by the plaintiffs, are not in conflict with this conclusion, for they were suits by sellers of securities who were induced to sell by the fraud of purchasers, and untrue statements and omissions in the Registration Statement were in no way involved. I hold, therefore, that the present actions cannot be maintained under Section 10(b) of the 1934 Act and Rule X–10B–5. Any other holding would result in all actions such as these being brought under that section and rule so as to escape from the provision of Section 11(e) of the 1933 Act with respect to undertakings for costs.

*Third:* There remains the question of requiring the plaintiffs to furnish undertakings for costs. The actions do not appear to be meritorious, for the affidavits submitted by the defendants contain such detailed facts as tend strongly to refute the allegations in the amended complaints as to the untrue statements and omissions in the Registration Statement. I think, therefore, that undertakings should be required in both actions. In view of the large amount of work necessary in the defense of the actions by the numerous defendants, I fix the amount of the undertaking in each action at $15,000.

■ *Fourth:* In view of this disposition, the motion of the plaintiffs for discovery will be denied, without prejudice to renewal after the undertakings have been filed.