## UNITED STATES v. KLOMAN.
### No. 9798.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 24, 1949.

Decided May 23, 1949.

Mr. C. Frank Reifsnyder, Assistant United States Attorney, Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, Mrs. Helena Doocy Reed, Assistant United States Attorney, Mr. Sidney S. Sachs, Assistant United States Attorney, Washington, D. C., and Mr. Gordon F. Harrison, Attorney, Department of Justice, Washington, D. C., were on the brief, for appellant. Mr. John D. Lane, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellant.

Mr. H. Max Ammerman, Washington, D. C., for appellee.

Before EDGERTON and WILBUR K. MILLER, Circuit Judges, and MATTHEW F. McGUIRE, District Judge sitting by designation.

EDGERTON, Circuit Judge.

The question here is whether the United States District Court for the District of Columbia had jurisdiction of a civil action brought by the United States to recover less than $3,000. The District Court dismissed the complaint on the theory that the Municipal Court of the District of Columbia had exclusive jurisdiction.

When this suit was brought the Judicial Code provided that district courts had jurisdiction "First. Of all suits of a civil nature, at common law or in equity, brought by the United States * * *; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * *, or (b) is between citizens of different States * * *."[1] The District of Columbia Code provided that the United States District Court for the District of Columbia "(except as otherwise provided in this title) shall have cognizance * * * of all actions or suits of a civil nature at common law or in equity, in which the United States shall be plaintiffs or complainants * * *."[2] By these and previous statutes the United States has expressly conferred upon its district courts jurisdiction of its suits. These statutes have not limited this jurisdiction, as diversity jurisdiction has been limited, to suits for more than $3,000.

In our opinion Congress had no thought of limiting the special right of the United

---

[1] Act of March 3, 1911, 36 Stat. 1091, as amended; 28 U.S.C. § 41. The 1948 revision of Title 28 U.S.C.A. provides in § 1345 that "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States * * *."

[2] Act of February 27, 1877, 19 Stat. 253, as amended; D.C.Code (1940) § 11—306.

States to sue in district courts when, without mentioning the United States, it enacted in general terms that the Municipal Court for the District of Columbia "shall have exclusive jurisdiction of civil actions, including counterclaims and crossclaims, in which the claimed value of personal property or the debt or damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000 * * *."[3] General provisions are often not intended to limit special provisions with which, read literally, they conflict. Ex parte United States, 226 U.S. 420, 33 S.Ct. 170, 57 L.Ed. 281; Sanford v. Sanford, 52 App.D.C. 315, 286 F. 777. Moreover, "statutes which in general terms divest pre-existing rights or privileges will not be applied to the sovereign without express words to that effect." United States v. United Mine Workers of America, 330 U.S. 258, 272, 67 S.Ct. 677, 686, 91 L.Ed. 884. Both principles apply here. Since Congress had conferred upon the United States a right to sue in district courts, irrespective of amount, if Congress had intended to limit this right we think it would have done so expressly. It follows that in our opinion the District Court had jurisdiction of this suit. The question whether the Municipal Court has concurrent jurisdiction of such suits is not before us.[4]

Reversed.

**WILBUR K. MILLER, J., dissenting.**

---

[3] Act of April 1, 1942, 56 Stat. 192; D.C.Code (1940) Supp. VI, § 11—755(a).
[4] Cf. Wittek v. United States, 83 U.S. App.D.C. 377, 171 F.2d 8, certiorari granted, United States v. Wittek, 336 U.

S. 931, 69 S.Ct. 737; United States v. Sheriff Motor Co., D.C., 63 F.Supp. 685; Ridgley v. United States, D.C.Mun.App., 45 A.2d 475.