A. J. TRISTANI, SUCRS., INC., Petitioner and Appellant, v. MUNICIPALITY OF MAYAGÜEZ ET AL., Defendants and Appellees.

No. 11060. Argued March 3, 1954.—Decided June 22, 1954.

*Mariano Acosta Velardo* and *Daniel Pellón Lafuente* for appellant. *Luis F. Candal* and *J. Alemañy Sosa* for appellees.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The appellant A. J. Tristani, Sucrs., Inc. is engaged at Mayagüez in the wholesale of cigarettes and chewing gum

712

imported from the United States. The Municipality of Mayagüez levied a tax, by way of a license, on appellant's business for the years 1950–51, 1951–52 and 1952–53, aggregatin $2,772.50. The taxpayer refused to pay and in order to avoid collection by proper proceeding resorted to the Superior Court, Mayagüez Part, with a petition for injunction. Defendants filed a motion for dismissal and the parties agreed to submit the controversy as if it were an action for declaratory judgment, stipulating at the same time the facts necessary for the decision of the case.[1] The lower court timely

[1] The stipulation of the parties reads in its pertinent part as follows:

"First: That defendant sets aside the communication addressed to petitioner on April 13, 1953, signed by defendant Radamés J. Lespier as Treasurer of the Municipality of Mayagüez.

"Second: That petitioner desists from its petition for a restraining order and the petition for preliminary injunction contained in the petition herein.

"Third: That both parties submit to this Hon. Court, for consideration and decision, the controversy stemming from the averments of the petition as if it were an action for declaratory judgment.

"Fourth: The parties accept as true and correct the following facts:

"(A) Petitioner is engaged in the Municipality of Mayagüez in the wholesale business of cigarettes and chewing gum imported from the United States of America, which it distributes and sells in that Municipality, that being the only business operated by petitioner therein, on which it pays to the Department of Finance of the Commonwealth of Puerto Rico (Insular Treasury) the excises, taxes and imposts levied by the different laws of the Legislative Assembly of Puerto Rico which are enumerated in the petition herein.

"(B) The Municipal Assembly of Mayagüez, on the authority of Act No. 26 of 1914, as amended, proceeded to levy, and did levy, on petitioner A. J. Tristani, Sucrs., a municipal license tax on the business in which it has been and is engaged in the Municipality of Mayagüez for the years 1950–51, 1951–52, and 1952–53, totalling $2,772.50.

"(C) The Municipality of Mayagüez through officers Augusto Valentín Vizcarrondo, Mayor, and Radamés J. Lespier, Municipal Treasurer, has on several occasions demanded that petitioner pay the amount of such taxes, which petitioner has refused and still refuses to pay.

"(D) Petitioner admits that the volume of business on which the license tax is exacted is correct, waiving objection, as respects the municipal license tax for the year 1950–51, which it was paying to the Insular Treasury license taxes as a cigarette wholesaler in the Municipality of Mayagüez.

rendered judgment dismissing the petition for injunction in its entirety. [2] This appeal was taken from that judgment, charging the trial court with the commission of the following errors:

"First: The trial court erred in holding that Act No. 437 of May 15, 1951, in so far as it excludes the provisions of § 99 of Act No. 85 of August 20, 1925, is not repugnant to the Municipal Law (Act No. 53 of April 28, 1928), § 46, subdivision (f), of which precludes municipalities from levying any impost, excise or tax which has been the object or matter of some federal or insular impost, excise or tax.

"Second: The trial court committed manifest error of law in holding that appellant's cigarette and chewing-gum wholesale business is subject to the payment of a municipal license tax, notwithstanding the fact that those articles are taxed separately by imposts, excises, and taxes levied by the Legislative Assembly.

"Third: The judgment rendered in the above-entitled cause, from which this appeal was taken, is contrary to law."

---

"(E) The amount of license tax for each year in question is as follows:

| | |
|---|---|
| "1950–51 | $107.50 |
| "1951–52 | 1,332.50 |
| "1952–53 | 1,332.50 |
| "Total | $2,772.50 |

"Fifth: That the controversy involved herein is whether or not, in view of the foregoing facts set forth as true, petitioner as a dealer is bound to pay to the Municipality of Mayagüez a license tax on the cigarettes and chewing-gum wholesale business within its bounds.

"Sixth: That defendant will take no further steps seeking collection, nor establish any distress proceeding against petitioner, for the amount of such municipal license tax pending final disposition of this case by the court.

"Seventh: That the parties submit hereby the case to this Hon. Court for decision on its merits, . . ."

[2] Since the petition for injunction assailed the validity of the municipal license tax and disclaimed the power of the Municipality to levy it, the judgment dismissing that petition amounts to a holding or decree sustaining the validity and legality of the tax assessed by the Municipality of Mayagüez on appellant herein.

■■ Act No. 53 of April 28, 1928 (Sess. Laws, p. 334), known as the Municipal Law, provides in § 46, subdivision (f), as follows:

"Municipal Revenues

"Section 46.—The municipal revenue shall consist of—

". . . . . . . .

"(f) Any other impost, excise or tax levied by the municipal assembly in the manner provided for in Section 25, paragraph 4 of this Act, provided the object or matter of the tax, excise or impost has not been the object or matter of any federal or insular impost, excise or tax."

This subdivision (f) was amended by Act No. 98 of May 15, 1931 (Sess. Laws, p. 616); No. 231 of May 15, 1942 (Sess. Laws, p. 1322); and No. 207 of May 9, 1949 (Sess. Laws, p. 644), but those amendatory Acts kept in force the prohibition on municipalities against levying any impost, excise, or tax where the object or matter of the tax, excise, or impost has been the object of some federal or insular tax, excise, or impost. Prior thereto our Legislature enacted Act No. 85 of August 20, 1925, known as the "Internal Revenue Law of Porto Rico." Under § 99,[3] municipalities could not levy or collect any excise or local tax on any article subject to taxation under the Internal Revenue Act. By the first *Proviso* of this Section, the Municipal License Tax Act of 1914 (Act No. 26 of March 28, 1914) was kept in force; however, in the second *proviso* clause it was established that when the

---

[3] Section 99 reads as follows:

"From and after the date of approval of this Act, no municipal district or other administrative division of Puerto Rico may levy or collect any excise or local tax on any article subject to taxation under the provisions of this Act; *Provided,* That nothing herein contained shall be understood to repeal in whole or in part Act No. 26, entitled 'An Act authorizing the municipalities of the Island of Puerto Rico to levy and collect annual taxes to be used in meeting their budgetary expenses, and for other purposes,' approved March 28, 1914; *And provided, further,* That when the levying of a license tax is in conflict with the tax levied in accordance with the general Excise Tax Law and both cannot be made effective, it shall be understood that the tax levied under the Excise Tax Law shall prevail."

levying of a license tax is in conflict with the tax levied under the general Excise Tax Law and both cannot be made effective, it shall be understood that the tax levied under the Excise Tax Law shall prevail. The Legislature thus curtailed the power of municipalities under the Excise Tax Law to levy local excises or taxes, and, as has been seen, a similar curtailment was established by the enactment of the Municipal Law. in its § 46, subdivision (*f*), above transcribed.

In the light of the Act as it stands, we held in *Porto Rico Distilling Co.* v. *Seijo*, 42 P.R.R. 409, that after a given business or industry has been taxed by the Insular Legislature through the Internal Revenue Law, a municipal assembly is precluded from imposing any direct or indirect tax on such business or industry; in *People* v. *Irizarry*, 46 P.R.R. 867, that a municipal assembly does not have the power to impose a license tax upon the transportation business when the Insular Government has already imposed an insular tax upon the carrying on of that business; in *Andréu, Aguilar & Co.* v. *Benítez, Admor.*, 56 P.R.R. 554, that municipal ordinances approved by the Government for the Capital of Puerto Rico providing for the payment of licenses upon a business which has been taxed under the Insular Tax No. 85 of 1925, are ultra vires and void, and in *San Miguel & Cía.* v. *Diez de Andino, Treas.*, 71 P.R.R. 320, that since the sale of hydraulic cement is subject to an insular tax under the Internal Revenue Law, the Government of the Capital lacks authority to include the amount of the sales of hydraulic cement in the volume of a firm's business for levying a license tax, since in that form it indirectly imposes a tax contrary to § 99 of the Internal Revenue Law. However, the doctrine upheld in these cases ceased to have jurisdictional force as of the effective date of Act No. 437, approved by our Legislature on May 15, 1951 (Sess. Laws, p. 1254.) This Act amended § 99 of the Internal Revenue Act to read as follows:

"Section 99.—On and after the day this Act is approved, no municipal district or other administrative division of Puerto

Rico may levy or collect any excise or local tax on any article subject to taxation under the provisions of this Act, *except the tax on the volume of business, authorized by Act No. 26, approved March 28, 1914, known as Municipal License Tax Act,* as amended, *the levying and collection of which by the municipalities and the Government of the Capital is hereby expressly authorized, and in said volume of business there shall be included the business operations in connection with articles taxable under this Act or any other insular internal-revenue law.* When the application of the Municipal License Tax Act, jointly with the application of this Act, or any insular excise Act, results in an untenable tax situation, because it violates a constitutional prohibition, if said situation turns out to be constitutional through the levy and collection of only one of the two excises, the insular tax shall prevail." (Italics ours.)

In discussing the first assignment, appellant argues that the Municipal Law is a special law while the Internal Revenue Law is of a general character, and that although a special law may be modified by a general one,[4] it is necessary that such modification or repeal be clearly set forth or expressed, which it contends is not the case here, since it does not appear from the title, nor from the body of Act No. 437, nor from its terms, that its purpose is anything but to amend the Internal Revenue Law, without affecting the Municipal Law. Appellant is not right.

Subdivision (*f*) of § 46 of the Municipal Law and § 99 of the Internal Revenue Act, in so far as they limit the power of municipalities to impose taxes, excises, or imposts on articles already taxed by the insular law [Internal Revenue Act], are provisions *in pari materia* and should therefore be construed together even though one is a special and the other a general act. 2 Sutherland, *Statutory Construction*, 3d ed., § 5202, p. 353, and § 5204, p. 541; 50 Am. Jur., § 348, p. 343. The amendment introduced in 1951 by Act No. 437 in § 99 of the Internal Revenue Law incorporated an exception in the limitation on municipalities, as already stated, to wit: the

---

[4] *De la Vega* v. *Sancho Bonet, Treas.*, 56 P.R.R. 722.

tax on the volume of business authorized by the Municipal License Tax Act was excluded from the prohibition, and authorization was granted to include in that volume of business the business operations in connection with articles taxable under the Internal Revenue Law, or any other insular internal-revenue law.

The principle that statutes *in pari materia* should be construed together is merely an extension of the principle that all parts of a statute should be construed together and its corollary that an amendment and the unchanged portion of the original act should be construed together. 2 Sutherland, *op. cit.*, § 5205, p. 544. Consequently, effect is to be given to each part of the statute so that the amendment and. the original unchanged portion do not conflict. However, if the new provisions and the re-enacted or unchanged portions of the original Section cannot be harmonized, the new provisions should prevail as the latest declaration of the legislative will. 1 Sutherland, *op. cit.*, § 1934, p. 430. This is the situation in the case at bar. Considering both Acts—the Municipal and the Internal Revenue Acts—in their respective subdivisions (subdivision (*f*) of § 46 and § 99), as one single statute, the amendment introduced in § 99 of the Revenue Act should prevail as being the latest expression of the legislative will.

It could be argued that we are not concerned here with provisions *in pari materia*. However, it should nonetheless be understood that subdivision (*f*) of § 46 of the Municipal Law has been implicitly amended by Act No. 437 of 1951, notwithstanding the fact that the latter makes no reference to the former. An implied amendment is an act which purports to be independent of, but which in substance alters, modifies, or adds to, a prior act. To be effective, an amendment of a prior act ordinarily must be express. Amendments by implication, like repeals by implication, are not favored. Still, where the provisions of a later statute are so inconsistent with the provisions of a prior statute that they

cannot stand together, the implication is that the later statute implicitly amends the prior statute, especially where such interpretation is intended to give effect to the legislative will. 1 Sutherland, *op. cit.*, § 1913, p. 365; 50 Am. Jur., §§ 534 and 543, pp. 539 and 548. The doctrine is equally applicable to special and general laws. [5] If the provisions of both acts are irreconcilable, the general act may amend the special act. The question is always one of legislative intention. See 50 Am. Jur., § 564, p. 565; *Ex parte United States*, 226 U. S. 420; *Rodgers* v. *U. S.*, 185 U. S. 83.

There is no doubt that the amendment introduced in 1951 in § 99 of the Internal Revenue Law, establishing an exception to the prohibition on municipalities to tax articles already taxed by the insular law, conflicts with the express prohibition contained in subdivision (*f*) of § 46 of the Municipal Law. Furthermore, the language of Act No. 437 is a clear indication of the legislative intention that municipalities may levy license taxes on the volume of business mentioned in the License Tax Act, including the business operations in connection with articles taxable under the insular law.

■ Appellant's position as respects the first assignment is in nowise strengthened by the fact that Act No. 437 provides that, whenever the application of the Municipal License Tax Act, jointly with the application of the Internal Revenue Act or any insular excise act, results in an untenable tax situation because it violates a constitutional prohibition with constitutionality dependent on the levy and collection of only one of the two excises, the insular tax shall prevail. Evidently the constitutional prohibition to which the Act refers is not, as alleged by appellant, a prohibition imposed by the Municipal Law but by the Organic Act of Puerto Rico in force at that time, or by the Constitution of the United States.

---

[5] For the sake of argument, we accept, without deciding, that the Municipal Law is, as alleged by appellant, a special law while the Internal Revenue Law is a general one.

█ The first error was not committed. Neither were the second and third. We must first ascertain whether appellant's business, contrary to its contention, is covered by the Municipal License Tax and, hence, is subject to municipal taxation. The question has already been adversely decided. Under the "wholesale store" of group "A" of the License Tax Act of 1914, municipalities have a right to levy license taxes upon all establishments in which any article is sold at wholesale. *Mun. de San Juan* v. *P. R. Coal Co.*, 28 P.R.R. 245. Appellant's business—wholesale of cigarettes and chewing gum—comes within the term "wholesale store."

Appellant further contends that Act No. 437 "does not authorize the municipalities, in imposing license taxes, to include in the volume of business those businesses subject to payment of insular license taxes, for the authorization is limited to the inclusion in the volume of business of articles already taxed, namely, articles subject to insular license taxes, but not the businesses subject to insular license taxes." This argument, like appellant's effort to prove that the legislative history of these laws indicates the intention not to levy both taxes, insular and municipal, is denied by the clear and unequivocal terms of Act No. 437. The legislature in the declaration of policy states:

"Ever since the approval of the License Tax Act in 1914, it has always been the legislative policy that the taxes authorized by said Act be collected by the municipal corporations, *both on merchandise and activities exempt from insular excises, as well as on merchandise and activities subject to such excises.* When with the Internal Revenue Law of 1925 a Sales Act was approved levying insular excises on the same sales encumbered with the municipal excises levied under the License Tax Act, it was necessary to clarify that both sale taxes would continue to be collected. For that purpose, Section 99 was added to the Internal Revenue Law. Before said date, said Act had not contained any provision relative to the collection of the municipal excise taxes. The original Section 99 was drafted by the Legislature bearing in mind the decision in the case of *Fan-*

*tauzzi* v. *Municipal Assembly of Arroyo,* 295 Federal 803, for which reason a language was adopted which has given rise to judicial interpretations that have defeated the legislative policy. It is necessary to rephrase said legislative policy so as to avert any judicial construction inimical to the evident intent of the legislator." (Italics ours.) [6]

In consonance with that declaration, § 99 of the Internal Revenue Law now establishes a clear exception to the limitation which had been imposed upon municipalities. That exception refers not only to articles taxable under the insular law but also includes the businesses or industries enumerated in the License Tax Act. Let us, however, examine the law. It reads: ". . . except the tax on the volume of business authorized by Act No. 26, approved March 28, 1914, known as 'Municipal License Tax Act,' as amended, *the levying and collection of which by the municipalities and the Government of the Capital is hereby expressly authorized,* and in said volume of business there shall be included the business operations *in connection with articles taxable under this Act* or any other insular internal-revenue law." (Italics ours.) In this way the law expressly vests the municipalities with power to levy the tax on the volume of the business enumerated in the License Tax Act, regardless of whether such businesses are subject to an insular tax, and further authorizes them to include in the volume of business the business operations connected with articles taxed by the Insular Government. Any doubts which may be entertained as a result of prior court decisions, as to whether the Legislature intended to keep in force the two taxes, are dispelled in the light of the clear and conclusive command of Act No. 437. The fact that this Act authorizes double taxation is no reason why we should ignore its letter.

Since none of the errors assigned were committed, the judgment appealed from will be affirmed.

---

[6] "The considerations embodied in that Declaration of Policy as to what had been the legislative intent before the original enactment of § 99, are not retroactively conclusive, nor do they overcome the validity of the interpretation placed upon that Section by this Court . . ." *Compañía Azucarera del Toa* v. *Municipality,* decided April 13, 1954.