## In re KOVACEVICH.
### No. 4889.

District Court, S. D. California, N. D.
Feb. 14, 1940.

Iener Nielsen, of Fresno, Cal., for debtor.

Frank J. Perry, of San Francisco, Cal., for G. W. Brainard.

COSGRAVE, District Judge.

John J. Kovacevich, a farmer, filed a petition stating that "he is insolvent (or unable to pay his debts as they mature)," and that he desired to effect a composition or extension of time to pay his debts under Section 75 of the Bankruptcy Act, 11 U.S. C.A. § 203. He submitted an offer of compromise which, for reasons unnecessary to set forth, is still pending.

In the meantime, on a hearing before the District Court initiated by a secured creditor for the appointment of a supervisor of this farming operation pursuant to Section 75, sub. b of the Bankruptcy Act, the debtor in open court and without previous notice to creditors moves for a dismissal of his entire proceedings, alleging his inability further to proceed even under his proposed offer of compromise or in any other respect, and inviting his secured creditors to take advantage of such right as they may possess under their respective securities. He has filed no petition under Section 75, sub. s.

One of the secured creditors objects to the granting of the motion to dismiss the proceeding on the ground that all creditors are entitled to notice. The question therefore is whether the general provisions of the Bankruptcy Act, which prohibit dismissal on motion of the petitioner until after notice to creditors as provided in Section 59, sub. g of the Act, 11 U.S.C.A. § 95, sub. g, control.

My conclusion is that the provisions of the General Bankruptcy Act do not control, and that the motion made by the debtor himself to dismiss his entire proceedings may properly be granted.

Section 75, sub. l of the Bankruptcy Act provides for the dismissal of such a proceeding upon confirmation of a composition. Upon confirmation of an extension proposal, the court may dismiss the proceeding or retain jurisdiction. When the case has not reached the state of either composition or extension it should follow that dismissal may be allowed.

It is provided (Section 75, sub. n) that "except as otherwise provided herein," the jurisdiction and powers of the court and rights of the creditors shall be the same as if a voluntary petition for adjudication had been filed, and a decree of adjudication entered "on the day when the farmer's petition, asking to be adjudged a bankrupt" was filed. Here arises an important distinction, for by filing under Section 75, subs. a to r the bankrupt does not ask to be adjudged a bankrupt; recourse to this remedy is had

only after his petition for composition or extension has failed. Other important results follow from this provision. Wright v. Union Central Life Insurance Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490. It follows therefore that at least it is not expressly provided that the jurisdiction and powers of the courts and rights of creditors are the same as though a voluntary petition for adjudication had been filed and decree of adjudication entered. This situation exists only after petition for and adjudication under 75, sub. s. Such being the case, it cannot reasonably be urged that the farmer merely by his effort to obtain composition or extension subjects himself to the general provisions of the Bankruptcy Act. This subject has recently been discussed in Home Owners' Loan Corporation v. Creed, 5 Cir., 108 F.2d 153, decided December 16, 1939, in the opinion by Judge Sibley. Plainly, the creditors are deprived of no rights since by dismissal of the proceeding they are at liberty to pursue every remedy possessed by them.

The motion to dismiss should be granted, and it is so ordered.