**In the Matter of Ole A. JENSEN, Debtor.**

**PEOPLES FINANCE COMPANY, Appellant,**

v.

**Ole A. JENSEN, Appellee.**

**No. 11288.**

United States Court of Appeals, Seventh Circuit.

Jan. 31, 1955.

P. M. Knight, Chicago, Ill., for appellant.

Harold P. Block, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

DUFFY, Chief Judge.

This is an appeal from an order of the district court dismissing the proceedings because of want of jurisdiction. This case has been here previously. Debtor, a yard master, employed by a railroad

company, filed a petition and a plan for extension under Chapter XIII (Wage Earners' Plans) of the Bankruptcy Act, 11 U.S.C.A. § 1001 et seq. He authorized his employer to deduct $35 from his wages on each payday, and to turn such funds over to a disbursing agent for the benefit of his creditors. At that time the law provided that only those earning $3,600 or less could take advantage of the provisions of Chapter XIII. This limitation was later raised to $5,000. It developed that debtor's wages prior to filing the petition had exceeded $3,600 per annum and the Referee properly denied the Chapter XIII petition, but permitted an amendment whereby the same plan was presented under Chapter XI, 11 U.S.C.A. § 701 et seq. A sizable sum was accumulated in the fund in the hands of the disbursing agent and the prospect for the payment in full of all creditors was excellent. However, the Peoples Finance Company which had a claim of $342.52 was not satisfied, and objected to the plan being carried out under Chapter XI. After the district court had confirmed the order of the Referee, the Finance Company prosecuted an appeal to this Court. We decided, In re Jensen, 7 Cir., 200 F.2d 58, certiorari denied 345 U.S. 926, 73 S.Ct. 785, 97 L.Ed. 1357, that the law did not permit an amendment from Chapter XIII to Chapter XI if the proceeding could not originally have been commenced under Chapter XI. We decided on several grounds that the proceeding before us could not have been properly commenced as a Chapter XI proceeding and we, therefore, reversed the order of the court confirming the Referee's order which approved the plan under Chapter XI.

The District Judge, on remand, decided that inasmuch as debtor was not entitled to bring a Chapter XIII proceeding, and as this Court had held that such proceedings under Chapter XI were not authorized, that there was nothing else to do but dismiss the proceedings.

After the remand and before the dismissal, the Referee ordered the disbursing agent to pay the attorney for the Finance Company $500 as attorney's fees, and also to pay $435.99 costs involved in the first appeal, and directed that said sums be paid from the fund which had been accumulated by deductions from debtor's pay checks. The District Court approved the Referee's action in this respect, and ordered the disbursing officer to make such payments. Thus, the fund established for the benefit of the creditors of debtor was practically exhausted. No question is raised here as to the propriety of such payments.

Thereafter, the District Court dismissed for want of jurisdiction to proceed further. The Finance Company has again appealed and argues (1) the District Court had no right to dismiss the proceedings because to do so would be in violation of our mandate, and (2) because notice was not given to creditors pursuant to § 59, sub. g, of the Bankruptcy Act, 11 U.S.C.A. § 95, sub. g. Furthermore, counsel for the Finance Company asks us on this appeal to make an allowance for costs and attorney's fees because "* * * we maintain the entire proceeding has been vexatious and prolix, expecially on the part of skilled counsel for the debtor, * * *." In fact, the demand is made in this Court that the attorney for the debtor be held jointly liable with the debtor for the requested allowance of costs and attorney's fees.

■ We hold that the District Court was clearly right in dismissing the proceeding. There was nothing else to do, and in so doing, there was no violation of our mandate. True, the mandate incorporated the usual phrase "further proceedings according to law". We think the learned District Judge did proceed according to law. The fact that certain allowances were made for attorney's fees and costs after the mandate is not important. When the question of dismissal was presented by motion of the debtor, the Court had the power to determine whether or not it had jurisdiction.

■ Nor is there validity to the Finance Company's objection that notice of the motion for dismissal was not given to creditors under § 59, sub. g, of the

**898**

Bankruptcy Act. At least the Finance Company was not prejudiced, for a hearing was held before the District Judge and counsel for the Finance Company vigorously objected to the entry of any order of dismissal. Furthermore, we think that the general provisions of the Bankruptcy Act, § 59, sub. g, are not applicable to the situation we are considering. It has been so held as to a farmer debtor proceeding, § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. In re Kovacevich, D.C., 31 F.Supp. 566. The creditors were deprived of no rights by the entry of the order of dismissal.

The demand of the Finance Company that it be awarded costs and attorney's fees borders on the ridiculous. It would have been a closer question had the attorney for the debtor made such a request.

The motion for attorney's fees and costs is denied and the order of the District Court dismissing the proceedings is

Affirmed.